UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 2 8 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INTEL CORPORATION<br><br>Defendant. | Civil Action No. 9:06cv157<br><br>JURY TRIAL DEMANDED |

## AMBERWAVE'S COMPLAINT FOR PATENT INFRINGEMENT

## AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff AmberWave Systems Corporation ("AmberWave"), for its complaint against Defendant Intel Corporation ("Intel"), alleges as follows:

### INTRODUCTION

1.      AmberWave is a small technology and engineering firm founded by a Massachusetts Institute of Technology ("MIT") professor—Eugene Fitzgerald—and his former students. AmberWave develops innovative technology for the production of semiconductor devices. For years, Intel has been improving the performance of its semiconductor devices by shrinking the size of their fundamental components. Intel now finds itself unable to continue its historical pace of performance enhancement using its own technological developments. In order to defend its market position against inroads by competitors, Intel is using the inventions of Eugene Fitzgerald to enable the production of faster and more efficient semiconductor devices—

all without obtaining a license from AmberWave. This action seeks redress for Intel's infringing activities.

## THE PATENT IN SUIT

2.     U.S. Patent No. 5,158,907 (the "'907 patent"), entitled "Method for Making Semiconductor Devices with Low Dislocation Effects," was duly and legally issued on October 27, 1992. The sole named inventor on the '907 patent is Eugene Fitzgerald. The '907 patent represents the fruits of some of Dr. Fitzgerald's research while he was working at AT&T Bell Laboratories, before he began teaching at MIT. AmberWave is the assignee of all right, title, and interest the '907 patent. A true and correct copy of the '907 patent is attached as Exhibit A.

## PARTIES AND JURISDICTION

3.     This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*

4.     AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

5.     AmberWave is informed and believes, and thereon alleges, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California.

6.     AmberWave is informed and believes, and thereon alleges, that Intel has done and continues to do business in this District. AmberWave is informed and believes, and thereon alleges, that Intel has harmed and continues to harm AmberWave in this District. AmberWave is informed and believes, and thereon alleges, that Intel products have been sold in this District. AmberWave is informed and believes, and thereon alleges, that these products include Intel's dual-core devices. AmberWave is informed and believes, and thereon alleges, that Intel maintains a website accessible to the residents of this District. AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to submit information to Intel, and to download information from the website. AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to locate companies who will sell Intel products to users in this District, including dual-core devices.

7. AmberWave is informed and believes, and thereon alleges, that Intel has voluntarily availed itself of the courts in this District. AmberWave is informed and believes, and thereon alleges, that Intel has filed complaints in this District as both a plaintiff and as an intervenor. AmberWave is informed and believes, and thereon alleges, that Intel has appeared as a defendant and a counterclaim plaintiff in this District, without contesting that venue is proper in the District.

8. AmberWave is informed and believes, and thereon alleges, that Intel has sought and received authorization to do business in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has a registered agent in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel maintains multiple business offices in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has at least approximately 600 employees in the State of Texas.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## RELATED ACTIONS

10. On May 17, 2005, Intel filed a declaratory judgment for non-infringement of AmberWave's U.S. Patent No. 6,831,292 in the District of Delaware (the "Delaware I Action").[1] On July 15, 2005, AmberWave filed an action against Intel in the Eastern District of Texas alleging infringement of AmberWave's U.S. Patent No. 6,881,632 (the "'632 Action").[2] On September 20, 2005, AmberWave filed a separate action in the Eastern District of Texas alleging that Intel infringed AmberWave's U.S. Patent No. 6,946,371 (the "'371 Action").[3] On November 1, 2005, Judge Davis transferred the '632 Action to Delaware because, among other reasons, the issues in the '632 Action were "closely related" to the issues in the Delaware I

---

[1] *Intel Corp. v. AmberWave Systems Corp.*, 05-301-KAJ

[2] *AmberWave Systems Corp. v. Intel Corp.*, 2-05cv-321-LED

[3] *AmberWave Systems Corp. v. Intel Corp.*, 2-05cv-449-TJW

Action. At Intel's insistence, the parties stipulated to the consolidation of AmberWave's infringement claims on the three patents (including the '371 Action) in the Delaware I Action.

11. Upon obtaining the right to assert the '907 patent against Intel, AmberWave sought leave to amend its complaint in the consolidated Delaware I Action to add the '907 patent. Intel informed AmberWave that it opposed adding the '907 patent to the Delaware I Action, among other reasons, because AmberWave allegedly unduly delayed in seeking to add the '907 patent, because adding the '907 patent to the Delaware I Action prejudiced Intel, and because the '907 patent, according to Intel, "is almost completely unrelated to the patents in suit" in the consolidated Delaware I Action.

12. On July 8, AmberWave asked Intel whether it would assent to a motion to amend in the consolidated Delaware I Action to add an additional patent when it issued—U.S. Patent No. 7,074,655 (the "'655 patent"). While purporting to meet and confer with AmberWave on the subject, Intel filed a separate declaratory judgment (the "Delaware II Action") on the '655 patent on the day that it issued—July 11.[4] This confirmed that Intel no longer believes that all patent litigation between the parties should occur in the consolidated Delaware I Action.

## CLAIM FOR RELIEF

### COUNT I

### (Patent Infringement by Intel)

13. AmberWave incorporates by reference paragraphs 1 through 12 as if set forth here in full.

14. AmberWave is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271, Intel has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of, the '907 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license, certain semiconductor devices, including at least dual-core devices.

---

[4] *Intel Corp. v. AmberWave Systems Corp.*, 06-429.

15.     AmberWave is informed and believes, and thereon alleges, that Intel's infringement of the '907 patent has been and continues to be willful.

16.     Unless enjoined, Intel will continue to infringe the '907 patent, and AmberWave will suffer irreparable injury as a direct and proximate result of Intel's conduct.

17.     AmberWave has been damaged by Intel's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, AmberWave prays for relief as follows:

A.     For a determination that the '907 patent is valid and enforceable;

B.     For a determination that Intel has infringed and is infringing the '907 patent, and that Intel's infringement is willful;

C.     For an order preliminarily and permanently enjoining Intel, and its directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of the foregoing from acts of infringement of the '907 patent;

D.     For damages resulting from infringement of the '907 patent in an amount to be determined at trial, and the trebling of such damages due to the willful nature of their infringement;

E.     For an award of interest on damages;

F.     For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

G.     For an award of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AmberWave hereby demands a trial by jury on any issue triable of right by a jury.

Dated:  July 28, 2006                    Respectfully submitted,

                                        Morgan Chu (CA #70446)
                                        David I. Gindler (CA #117824)
                                        Samuel K. Lu (CA #171969)
                                        IRELL & MANELLA LLP
                                        1800 Avenue of the Stars, Suite 900
                                        Los Angeles, California 90067-4276
                                        Phone: (310) 277-1010
                                        Facsimile: (310) 203-7199
                                        E-mail: dgindler@irell.com


                                        _____
                                        Clayton Edward Dark, Jr., Esq. (TX #05384500)
                                        *Attorney-in-Charge*
                                        P.O. Box 2207
                                        207 East Frank
                                        Suite 100
                                        Lufkin, TX 75902-2207
                                        Phone: (936) 637-1733
                                        Facsimile: (936) 637-2897
                                        E-mail: clay.dark@yahoo.com

                                        J. Thad Heartfield, Esq. (TX #09347000)
                                        The Law Offices J. Thad Heartfield
                                        2195 Dowlen Rd
                                        Beaumont, TX 77706-2534
                                        Phone: (409) 866-3318 ext. 1
                                        Email: thad@jth-law.com


                                        ATTORNEYS FOR PLAINTIFF
                                        AmberWave Systems Corporation

# EXHIBIT "A"

## United States Patent [19]

Fitzgerald, Jr.

US005158907A

[11] Patent Number: **5,158,907**

[45] Date of Patent: Oct. 27, 1992

[54] **METHOD FOR MAKING SEMICONDUCTOR DEVICES WITH LOW DISLOCATION DEFECTS**

[75] Inventor: **Eugene A. Fitzgerald, Jr.,** Bridgewater, N.J.

[73] Assignee: **AT&T Bell Laboratories,** Murray Hill, N.J.

[21] Appl. No.: **561,744**

[22] Filed: **Aug. 2, 1990**

[51] Int. Cl.$^5$ ............................................ H01L 21/20
[52] U.S. Cl. ...................................... 437/126; 437/110; 437/132; 437/133; 148/DIG. 42
[58] Field of Search ............... 437/110, 126, 132, 133; 148/DIG. 42

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 3,962,716 | 6/1976 | Pétroff et al. ...................... 437/130 |
| 4,088,515 | 5/1978 | Blakeslee et al. .................. 437/128 |
| 4,370,510 | 1/1983 | Stirn .................................... 136/262 |
| 4,632,712 | 12/1986 | Fan et al. ............................ 437/132 |
| 4,769,341 | 9/1988 | Luryi ................................... 437/132 |
| 4,826,784 | 5/1989 | Salerno et al. ...................... 437/126 |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 62-087490 | 4/1987 | Japan . |
| 1-223718 | 9/1989 | Japan . |
| 2215514 | 9/1989 | United Kingdom . |

### OTHER PUBLICATIONS

Choi, et al, "Monolithic Integration of GaAs/AlGaAs Double–Heterostructure LED's and Si MOSFET's" *IEEE Electron Device Letters*, vol. EDL–7, No. 9, Sep. 1986.
Shichijo et al, "Co–Integration of GaAs MESFET and Si CMOS Circuits", *IEEE Electron Device Letters*, vol. 9, No. 9, Sep. 1988.
Choi et al, "Monolithic Integration of GaAs/AlGaAs LED and Si Driver Circuit", *IEEE Electron Device Letters*, vol. 9, No. 10, Oct. 1988 (p. 513).
Smith et al, "A New Infrared Detector Using Electron Emission From Multiple Quantum Wells," *J. Vac. Sci. Technol. B.*, vol. 1, No. 2, Apr.–Jun. 1983.
Levine, et al, "New 10 Micron Infrared Detector Using

Intersubband absorption in resonant tunneling GaAlAs superlattices," *Applied Physics Letters*, vol. 50, No. 16, Apr. 20, 1987.
Windhorn et al, "Al GaAs/GaAs Laser Diodes on Si", *Applied Physics Letters*, vol. 47, p. 1031 (1985).
Ettenburg, "Continuous Low Threshold AlGaAs/-GaAs Laser", *Applied Physics Letters*, vol. 27, p. 652 (1975).
Fitzgerald, E. A., "In Search of Low–Dislocation–Density Hetero–Epitaxial Structures", *Journal of Metals*, vol. 41, pp. 20–24 (1989).
Fitzgerald, et al, "Nucleation Mechanisms and the Elimination of Misfit Dislocations at Mismatched Interfaces by Reduction in Growth Area", *Journal of Appl. Phys.*, vol. 65, No. 6, Mar. 1989.
Matthews, et al, "Accommodation of Misfit Across the Interface Between Crystals of Semiconducting Elements or Compounds", *Journal of Appl. Phys.*, vol. 41, No. 9, (1970).
C. H. Henry, "Recent Advances in Integrated Optics on Silicon", the Eighth Annual European Fibre Optic Communications and Local Area Networks Conference, Jun. 1990, pp. 11–14.

(List continued on next page.)

*Primary Examiner*—Brian E. Hearn
*Assistant Examiner*—Laura M. Holtzman
*Attorney, Agent, or Firm*—G. E. Books

[57] **ABSTRACT**

Semiconductor devices having a low density of dislocation defects can be formed of epitaxial layers grown on defective or misfit substrates by making the thickness of the epitaxial layer sufficiently large in comparison to the maximum lateral dimension. With sufficient thickness, threading dislocations arising from the interface will exit the sides of the epitaxial structure and not reach the upper surface. Using this approach, one can fabricate integral gallium arsenide on silicon optoelectronic devices and parallel processing circuits. One can also improve the yield of lasers and photodetectors.

**10 Claims, 3 Drawing Sheets**



**5,158,907**

Page 2

OTHER PUBLICATIONS

D. V. Lang, "Defects and Future Semiconductor Devices", *Materials Science Forum*, vols. 38–41, (1989) pp. 13–24.

J. Narayan et al., "Critical Phenomenon and Segregation Behavior at Interfaces and Subgrain Boundaries", *Journal de Physique*, vol. 49, No. C–5, pp. 731–767, Oct. 1988.

H. L. Tsai et al, "Generation of Misfit Dislocations in GaAs grown on Si", *Applied Physics Letters*, vol. 55, No. 3, Jul. 17, 1989, pp. 265–267.

E. A. Fitzgerald, "The Effect of Substrate Growth Area on Misfit and Threading Dislocation . . . " *J. Vac. Sci. Tech. B*, vol. 7, No. 4, Jul./Aug. 1989, pp. 782–788.

E. A. Fitzgerald et al., "Elimination of Interface Defects in Mismatched Epilayers by a Reduction in Growth Area," *Applied Physics Letters*, vol. 52, No./8, May 2, 1988, pp. 149–158.

H. K. Choi et al., "Monolithic Integrated Circuits of Si MOSFET's and GaAs MESFET's" *IEEE Electron Device Letters*, vol. EDL–7, No. 4, Apr. 1986, pp. 241–243.

*FIG. 1*



PRIOR ART

*FIG. 2*



*FIG. 3*



Case 06-06-0008 SLR-MPT    Document 38-2    Filed 07/28/2006    Page 11 of 16

### FIG. 4



### FIG. 5



### FIG. 6



Case 5:06-cv-00081-SLR-MCT Document 38-2 Filed 07/28/2006 Page 12 of 16

*FIG. 7*



5,158,907

**1**

# METHOD FOR MAKING SEMICONDUCTOR DEVICES WITH LOW DISLOCATION DEFECTS

## FIELD OF THE INVENTION

This invention relates to semiconductor devices having a low density of dislocation defects and, in particular, to semiconductor devices comprising limited area epitaxial regions grown on either misfit substrates or substrates having a high density of dislocation defects. It further concerns methods for making and using such devices.

## BACKGROUND OF THE INVENTION

A low level of dislocation defects is important in a wide variety of semiconductor devices and processes. Dislocation defects partition an otherwise monolithic crystal structure and introduce unwanted and abrupt changes in electrical and optical properties. Dislocation defects can arise in efforts to epitaxially grow one kind of crystalline material on a substrate of a different kind of material (heterostructures) due to different crystalline lattice sizes of the two materials. Misfit dislocations form at the mismatched interface to relieve the misfit strain. Many misfit dislocations have vertical components, termed threading segments, which terminate at the surface. These threading segments continue through all subsequent layers added. Dislocation defects can also arise in the epitaxial growth of the same material as the substrate (homostructures) where the substrate itself contains dislocations. Some of the dislocations replicate as threading dislocations in the epitaxially grown material. Such dislocations in the active regions of semiconductor devices such as diodes, lasers and transistors, seriously degrade performance.

To avoid dislocation problems, most semiconductor heterostructure devices have been limited to semiconductor layers that have very closely lattice-matched crystal structures. Typically the lattice mismatch is within 0.1%. In such devices a thin layer is epitaxially grown on a mildly lattice mismatched substrate. So long as the thickness of the epitaxial layer is kept below a critical thickness for defect formation, the substrate acts as a template for growth of the epitaxial layer which elastically conforms to the substrate template. While lattice matching and near matching eliminates dislocations in a number of structures, there are relatively few lattice-matched systems with large energy band offsets, limiting the design options for new devices.

There is considerable interest in heterostructure devices involving greater epitaxial layer thickness and greater lattice misfit than present technology will allow. For example, it has long been recognized that gallium arsenide grown on silicon substrates would permit a variety of new optoelectronic devices marrying the electronic processing technology of silicon VLSI circuits with the optical component technology available in gallium arsenide. See, for example, Choi et al, "Monolithic Integration of Si MOSFET's and GaAs MESFET's", *IEEE Electron Device Letters*, Vol. EDL-7, No. 4, April 1986. Highly advantageous results of such a marriage include high speed gallium arsenide circuits combined with complex silicon VLSI circuits and gallium arsenide optoelectronic interface units to replace wire interconnects between silicon VLSI circuits. Progress has been made in integrating gallium arsenide and silicon devices. See, for example, Choi et al, "Monolithic Integration of GaAs/AlGaAs Double-

**2**

Heterostructure LED's and Si MOSFET's" *IEEE Electron Device Letters*, Vol. EDL-7, No. 9, September 1986; Shichijo et al, "Co-Integration of GaAs MESFET and Si CMOS Circuits", *IEEE Electron Device Letters*, Vol. 9, No. 9, September 1988. However, despite the widely recognized potential advantages of such combined structures and substantial efforts to develop them, their practical utility has been limited by high defect densities in gallium arsenide layers grown on silicon substrates. See, for example, Choi et al, "Monolithic Integration of GaAs/AlGaAs LED and Si Driver Circuit", *IEEE Electron Device Letters*, Vol. 9, No. 10, Oct. 1988 (p. 513). Thus while basic techniques are known for integrating gallium arsenide and silicon devices, there exists a need for producing gallium arsenide layers having a low density of dislocation defects.

There is also considerable interest in growing low defect density gallium arsenide surfaces irrespective of the type of substrate. Gallium arsenide is prone to dislocation defects; and, as a consequence, devices grown on gallium arsenide substrates have a notoriously low yield.

## SUMMARY OF THE INVENTION

In contrast with the prior art approach of minimizing dislocation defects by limiting misfit epitaxial layers to less than a critical thickness for elastic conformation to the substrate, the present invention utilizes greater thickness and limited lateral areas to produce limited area regions having upper surfaces exhausted of threading dislocations. Since threading dislocations propagate with a lateral as well as a vertical component, making the thickness sufficiently large in comparison to the lateral dimension permits the threading dislocations to exit the sides of the epitaxial structure. The upper surface is thus left substantially free of defects. As a result, one can fabricate monolithic heterostructure devices, such as gallium arsenide on silicon optoelectronic devices, long sought in the art but heretofore impractical due to dislocation defects. As another embodiment, one can fabricate a monolithic structure using gallium arsenide circuitry to perform high speed processing tasks and silicon VLSI circuitry to perform complex, lower speed tasks. In yet another embodiment, one can fabricate arrays of low defect density devices on a high defect density substrate, substantially improving the yield.

## BRIEF DESCRIPTION OF THE DRAWINGS

The advantages, nature and various additional features of the invention will appear more fully upon consideration of the illustrative embodiments now to be described in detail. In the drawings:

FIG. 1 is a schematic cross section illustrating the problem of threading dislocations addressed by the present invention.

FIG. 2 is a schematic cross section of a first embodiment of a semiconductor workpiece provided with limited area regions of low defect density in accordance with the invention.

FIG. 3 is a schematic cross section of a second embodiment of a semiconductor workpiece in accordance with the invention.

FIG. 4 is a schematic cross section of a third embodiment of the invention;

FIG. 5 schematically illustrates the use of the invention to provide optical input, optical interconnections

3

and/or optical output to integrated circuits in the substrate.

FIG. 6 schematically illustrates the use of the invention to provide a supplementary high speed circuit to an integrated circuit in the substrate; and

FIG. 7 schematically illustrates the use of the invention to provide arrays of low defect density regions on a high defect density substrate.

It is to be understood that these drawings are for purposes of illustrating the concepts of the invention and are not to scale. Similar structural elements are denoted by the same reference numerals throughout the drawing.

## DETAILED DESCRIPTION

Referring to the drawings, FIG. 1 is a schematic cross section illustrating the problem of threading dislocations resulting from efforts to epitaxially grow a blanket layer 10 of crystalline material on a crystalline substrate 11. As illustrated, dislocation defects 12 form at the interface 13 between layers 10 and 11. Many of these defects 12 have not only horizontal portions 14, termed misfit segments, but also portions with vertical components 15, termed threading segments. Such threading segments can also arise as continuations of pre-existing threading segments 16 in the substrate 11.

FIG. 2 is a schematic cross section of a first embodiment of a semiconductor workpiece provided with limited area regions of low defect density in accordance with the invention. The workpiece comprises a monolithic semiconductor substrate 20 having a major surface 21 covered with an insulating layer 22. The insulating layer includes one or more openings 23, and grown within the openings on substrate 20, one or more limited area epitaxial regions 24 of low defect density semiconductor. The substrate 20 and the low defect region 24 can be different crystalline semiconductors having lattice mismatch in excess of 0.2%.

Because of dislocations or pre-existing threading segments at the interface between substrate 20 and grown regions 24, threading segments 15 and 16 arise from the interface. However each epitaxial region 24 has a thickness t sufficiently large as compared with its maximum lateral extent L that the threading segments exit the sides of regions 24 rather than reaching the upper surfaces 27. The ratio of t/L required to insure exit of threading segments arising from the interface depends on the crystalline orientation of the substrate. A (100) substrate requires a ratio of 1; a (111) substrate requires a ratio of $\sqrt{2}$, and a (110) substrate requires $\sqrt{3}/3$. Ratios of 50% of these values provide a useful level of defect elimination.

In a preferred embodiment, the substrate 20 is (100) monocrystalline silicon, the insulating layer 22 is silicon oxide, and the limited area regions 24 are gallium arsenide. The limited area regions are approximately circular in the lateral surface and preferably have a transverse thickness t at least as great as their maximum lateral dimension L.

This preferred embodiment can be fabricated by growing on a conventional (100) silicon IC wafer 20 a layer of silicon oxide 22 having a thickness preferably in the range from 5 to 100 microns. Conventional photolithography can be used with HF etchant to open windows 23, and gallium arsenide having a thickness 65 greater than or approximately equal to the maximum lateral dimension is deposited on the exposed silicon by MBE with a substrate temperature of 570° C. Preferably

4

the thickness of the silicon oxide and the gallium arsenide are equal in order to produce a co-planar structure as shown in FIG. 2.

FIG. 3 is a schematic cross section of a second embodiment of a semiconductor workpiece provided with limited area regions of low defect density. The embodiment is similar to that shown in FIG. 2 except that the substrate 20 is provided with one or more limited area mesa regions 30 upon which the limited area regions 24 of low defect density semiconductor are grown. The mesas are substantially surrounded by trenches 31.

This embodiment can be fabricated by forming on a silicon substrate an aluminum mask which selectively exposes trench regions 31. The masked substrate is then subjected to reactive ion etching to produce trenches 31. The aluminum is removed over the mesas, and a silicon oxide layer is deposited. The silicon oxide over the mesas is selectively removed, and the gallium arsenide region 24, having a thickness preferably in excess of its maximum lateral dimension, is deposited by CVD at a temperature of about 600°–700° C. or by MBE at about 550°–650° C. Any GaAs deposited on the oxide covered areas can be removed by dissolving the underlying silicon oxide in HF. Finally a planarized insulating layer 22, such as silicon oxide can be applied to the non-mesa areas, resulting in the structure shown in FIG. 3.

FIG. 4 is a schematic cross section of a third embodiment of the invention wherein a semiconductor substrate 20 is provided with limited area regions 24 of low defect density by providing a plurality of relaxed, misfitted buffer layers 42 and 43 between the substrate and the low defect layer.

In essence the preferred form of the FIG. 4 embodiment is similar to the preferred form of the FIG. 3 embodiment except that disposed between the upper surface of silicon mesa 30 and limited area gallium arsenide region 24 is a limited area region 42 of germanium silicon alloy $Ge_x Si_{1-x}$ region is grown as a limited area region having an upper surface 43 of substantially pure germanium upon which gallium arsenide region 24 is grown. The $Ge_x Si_{1-x}$ region is grown as a limited area region having an area in the range between 25 and 10,000 square microns. The $Ge_x Si_{1-x}$ region 42 has a gradient of increasing Ge concentration as the region extends from the mesa 30 to the gallium arsenide layer 24. The advantage of growing this structure in limited area is that a high proportion of threading segments from the interface with substrate 20 can glide out to the sides of the structure. Thus the Germanium surface 43 presents the gallium arsenide layer 24 with a very low defect substrate. If desired, highly effective further filtering can be provided by growing layer 24 in sufficient thickness t in relation to maximum lateral dimension L that threading segments exit the sides.

The workpiece of FIG. 4 can be prepared by etching trenches 31 to define mesas 30, and depositing $Ge_x Si_{1-x}$ onto the mesas by the MBE or CVD processes. The Ge concentration increased linearly with thickness or step graded at a rate in the range between 5% and 0.1% per one thousand angstroms until the concentration of germanium is substantially 100%. The temperature of growth should be greater than about 600° C. For the CVD process the temperature is preferably about 900° C. and for the MBE process, preferably 650°–750° C.

Once the pure germanium concentration is reached, either the GaAs layer can be grown immediately or a

**5**

Ge buffer layer 43 of about 1000 angstroms can be grown before the GaAs deposition.

Semiconductor workpieces as shown in FIGS. 2, 3 and 4 are highly advantageous in that they present upper surfaces of epitaxial regions 24 that are substantially free of dislocation defects. While the low defect surfaces are limited in area, they present areas of 25 to 10,000 square microns that are large enough to permit fabrication of useful optoelectronic devices and high speed integrated circuits. Primary uses include 1) provision of optical input, optical output and optical interconnections to integrated circuits in the substrate; 2) provision of high speed supplementary circuitry in support of integrated circuits in the substrate; and 3) provision of high yield areas in low yield substrates.

FIG. 5 schematically illustrates the use of the invention to provide optical input, optical interconnections and optical output to integrated circuits in the substrate. Specifically, the substrate 20 is preferably a monolithic silicon substrate containing one or more integrated circuits 50A and 50B and one or more limited area, low defect gallium arsenide regions 24A, 24B, 24C and 24D.

Integrated circuit 50A is provided with optical input, as from optical fiber 51A, by forming a photodetector 52A on limited area gallium arsenide region 24A. The optical signal coupled to the photodetector produces an electrical signal coupled to circuit 50A by conformal metal leads 53.

Integrated circuit 50A is provided with optical output, as to optical waveguide 54, by forming a light emitter 55A, such as a LED or laser, on limited area gallium arsenide region 24B. An electrical signal from circuit 50A is coupled to light emitter 55A by metal leads 56. The light emitter, in turn, produces a modulated optical output signal coupled by waveguide 54 to a second photodetector 52B formed on limited area region 24C. The electrical output of 52B is coupled to a second integrated circuit 50B by metal leads 57. Thus integrated circuits 50A and 50B are provided with optical interconnections.

As illustrated, the system can similarly be provided with an optical output as by a second light emitter 55B formed on limited area region 24D. An electrical output signal from circuit 50B over leads 53 causes emitter 55B to produce an optical output signal coupled into optical fiber 51B.

The integrated circuits 50A and 50B can be any of a large number of known silicon VLSI circuits useful, for example, in processing serial digital signals. The structure and fabrication of such circuits is well known in the art.

Limited area gallium arsenide regions 24A, 24B, 24C, and 24D can be fabricated on substrate 20 after formation of integrated circuits 50A and 50B without significantly deteriorating the underlying integrated circuits. MBE at 550°–650° C. is particularly advantageous because of the low deposition temperatures. Photodetectors 52A and 52B can be formed on regions 24A and 24C in accordance with one of a variety of known methods of forming photodetectors on gallium arsenide substrates. See, for example, the photodetectors disclosed in Smith et al, "A New Infrared Detector Using Electron Emission From Multiple Quantum Wells," *J. Vac. Sci. Technol. B*, Vol. 1, No. 2, April-June 1983 and Levine et al, "New 10 Micron Infrared Detector Using Intersubband Absorption In Resonant Tunneling GaAlAs Superlattices," *Applied Physics Letters*, Vol. 50, No. 16, Apr. 20, 1987. Similarly light emitters 55A and

**6**

55B can be formed on regions 24B and 24D in accordance with one of a variety of known methods for forming LED's or lasers on gallium arsenide substrates. See, for example, Windhorn et al, "AlGaAs/GaAs Laser Diodes on Si", *Applied Physics Letters*, Vol. 47, p. 1031 (1985); Ettenburg, "Continuous Low Threshold Al-GaAs/GaAs Laser", *Applied Physics Letters*, Vol. 27, p. 652 (1975), or the previously cited Choi et al articles. Waveguide 54 can be polymer, silicon oxide, or glass. Preferably it can be a phosphosilicate glass waveguide such as described in Henry, "Recent Advances in Integrated Optics on Silicon", Proceedings of Eighth Annual European Fiber Optic Communications and Local Area Networks Conference, Jun. 27–29, 1990.

FIG. 6 schematically illustrates the use of the invention to provide a supplementary high-speed circuit to an integrated circuit in the substrate. Here, as above, the substrate 20 is preferably a monolithic silicon substrate containing one or more integrated circuits 50 and one or more limited area, low defect density gallium arsenide regions 24. The primary difference between this embodiment and that of FIG. 5 is that in FIG. 6 the regions 24 is sufficiently large to contain a small integrated circuit 60 rather than only a device. For example, a limited area region 24 having dimensions $50 \times 50 \times 50$ microns is sufficiently large to contain the GaAs MES-FET Circuit described in Shichijo, et al, "Co-Integration of GaAs MESFET and Si CMOS Circuits", *IEEE Electron Device Letters*, Vol. 9, No. 9, September 1988. The silicon integrated circuit 50 can be CMOS inverter stages. The combination can form a ring oscillator. The advantage of using limited area regions 24 in accordance with the invention is lower defects in the gallium arsenide with resulting higher yield and improved performance.

FIG. 7 schematically illustrates the use of the invention to provide arrays of low defect density regions integrally formed on a high defect density substrate. Here substrate 20 is a monolithic crystalline substrate having a level of defect density sufficiently large to preclude high yield or to limit desired quality of devices formed on the substrate. For example, substrate 20 can be gallium arsenide having a defect density in excess of about $10^3$ cm$^{-2}$.

As a preliminary step, substrate 20 is etched, as by reactive ion etching, to form a sequence of pits 70 and mesas 71. Gallium arsenide is deposited as by MBE to form low defect regions 24A on the mesas 30, and low defect regions 24B can be simultaneously formed in the pits. By growing the gallium arsenide sufficiently thick as compared with its maximum lateral dimension, the regions 24A and 24B are provided with upper surfaces substantially free of defects. The resulting structure can be used to fabricate on the upper surfaces of regions 24A and 24B, arrays of devices such as photodetectors and lasers, having reduced defects and resulting higher yield and performance.

It is to be understood that the above-described embodiments are illustrative of only a few of the many possible specific embodiments which can represent applications of the principles of the invention. Numerous and varied other arrangements can be readily devised in accordance with these principles by those skilled in the art without departing from the spirit and scope of the invention.

I claim:

5,158,907

| 7 | 8 |

1. A method for making a semiconductor device having one or more limited area regions with low defect density semiconductor surfaces comprising the steps of:

providing a monocrystalline semiconductor substrate;

epitaxially growing on said semiconductor substrate one or more limited area regions of semiconductor material having a maximum lateral dimension L and a thickness t, the ratio t/L being in excess of $\sqrt{3}/3$ so that threading dislocations arising from the interface between said limited area regions and said substrate exit at lateral side surfaces of said limited area regions.

2. The method of claim 1 further comprising the step of etching one or more pit regions in said substrate; and

wherein said limited area regions are grown in said pit regions.

3. The method of claim 1 further comprising the step of forming on said substrate one or more mesa regions on said substrate; and

wherein said limited area regions are grown on said mesa regions.

4. The method of claim 1 further comprising the steps of a) providing said substrate with a layer of insulating material, and b) etching in said insulating layer one or more pit regions to said substrate; and

wherein said limited area regions are grown in said pit regions.

5. The method of claim 1 further comprising the steps of a) providing said substrate with a layer of insulating material of thickness substantially equal to the thickness to which said limited area regions are to be grown, and b) etching in said insulating material one or more pit regions to said substrate; and

wherein said limited area regions are grown in said pit regions.

6. The method of claim 1 wherein said substrate is of a first crystalline material and said limited area regions are of a second crystalline material, said first and second materials having a lattice mismatch in excess of about 0.2%.

7. The method of claim 1 wherein said substrate comprises silicon and said limited area regions comprise gallium arsenide.

8. The method of claim 1 wherein said substrate has a density of dislocation defects in excess of about $10^3$ per $cm^2$ and said limited area regions are comprised of the same semiconductor material as said substrate.

9. A method for making a semiconductor device having one or more limited area regions with low defect density semiconductor surfaces comprising the steps of:

providing a monocrystalline silicon substrate;

epitaxially growing on said silicon substrate one or more limited area regions of $Ge_xSi_{1-x}$ having respective areas in the range between 25 and 10,000 square microns and having a graded concentration of Germanium increasing to about 100%; and

epitaxially growing on said $Ge_xSi_{1-x}$ regions respective limited area regions of gallium arsenide having a thickness sufficiently large as compared with the maximum lateral dimension that threading dislocations arising from the GaAs-Ge interface exit at lateral side surfaces.

10. The method of claim 9 wherein the concentration of germanium in said $Ge_xSi_{1-x}$ is graded at a rate in the range between 5% and 0.1% per one thousand angstroms.

*   *   *   *   *

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

AmberWave Systems Corporation

## DEFENDANTS

Intel Corporation          JUL 2 8 2006

**(b)** County of Residence of First Listed Plaintiff    Rockingham, NH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attachment A

Attorneys (If Known)
9:dcv157

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. section 101 et seq.
Brief description of cause:
Complaint for patent infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions:)    JUDGE  See Attachment B          DOCKET NUMBER

DATE
07/28/2006

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**Attachment A**

Morgan Chu (CA #70446)
David I. Gindler (CA #117824)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Facsimile: (310) 203-7199
E-mail: dgindler@irell.com

Clayton Edward Dark, Jr., Esq.  (TX #05384500)
*Attorney-in-Charge*
P.O. Box 2207
207 East Frank
Suite 100
Lufkin, TX 75902-2207
Phone: (936) 637-1733
Facsimile: (936) 637-2897
E-mail: clay.dark@yahoo.com

J. Thad Heartfield, Esq. (TX #09347000)
THE LAW OFFICES OF J. THAD HEARTFIELD
2195 Dowlen Rd
Beaumont, TX 77706-2534
Phone: (409) 866-3318 ext. 1
E-mail: thad@jth-law.com

Attorneys for Plaintiff
AmberWave Systems Corp.

**Attachment B**

AmberWave Systems Corporation wishes to draw to the attention of the Court the following case that involves the same parties as the case at bar and is a collateral proceedings under LR Civ-42:

*AmberWave Systems Corp. v. Intel Corp.,* 9-06CV-143-RHC (E.D. Texas)

Although the following cases do not constitute collateral proceedings under LR Civ-42, AmberWave believes it is appropriate to bring their existence to the attention of the Court:

*AmberWave Systems Corp. v. Intel Corp.,* 05-301-KAJ (consolidated) (D. Delaware) (active)

*AmberWave Systems Corp. v. Intel Corp.,* 05-682-KAJ (D. Delaware) (closed)

*Intel Corp. v. AmberWave Systems Corp.,* 06-429-KAJ (D. Delaware) (active)

*AmberWave Systems Corp. v. Intel Corp.,* 2-05CV-321-LED (E.D. Texas) (transferred)

*AmberWave Systems Corp. v. Intel Corp.,* 2-05CV-449-TJW (E.D. Texas) (closed)

**Attachment B**

AmberWave Systems Corporation wishes to draw to the attention of the Court the following case that involves the same parties as the case at bar and is a collateral proceedings under LR Civ-42:

*AmberWave Systems Corp. v. Intel Corp.,* 9-06CV-143-RHC (E.D. Texas)

Although the following cases do not constitute collateral proceedings under LR Civ-42, AmberWave believes it is appropriate to bring their existence to the attention of the Court:

*AmberWave Systems Corp. v. Intel Corp.,* 05-301-KAJ (consolidated) (D. Delaware) (active)

*AmberWave Systems Corp. v. Intel Corp.,* 05-682-KAJ (D. Delaware) (closed)

*Intel Corp. v. AmberWave Systems Corp.,* 06-429-KAJ (D. Delaware) (active)

*AmberWave Systems Corp. v. Intel Corp.,* 2-05CV-321-LED (E.D. Texas) (transferred)

*AmberWave Systems Corp. v. Intel Corp.,* 2-05CV-449-TJW (E.D. Texas) (closed)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 2 8 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. _9:06cv157_ |
| INTEL CORPORATION, | § § | Jury Trial Demanded |
| Defendant. | § § | |

## AMBERWAVE SYSTEMS CORPORATION'S
## CORPORATE DISCLOSURE STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, AmberWave Systems Corporation, and files this its

Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1, and shows

the Court the following:

1.     Plaintiff, AmberWave Systems Corporation, has no parent corporation.

2.     No publicly held corporations own 10% or more of the stock of AmberWave

Systems Corporation.

Dated: July 28, 2006

Respectfully submitted,

Morgan Chu (CA #70446)
David I. Gindler (CA #117824)
Samuel K. Lu (CA #171969)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Facsimile: (310) 203-7199
E-mail:dgindler@irell.com

By: _____
Clayton Edward Dark, Jr., Esq.
P.O. Box 2207
207 East Frank
Suite 100
Lufkin, TX 75902-2207
Phone: (936) 637-1733
Facsimile: (936) 637-2897
E-mail: clay.dark@yahoo.com

J. Thad Heartfield, Esq.
The Law Offices of J. Thad Heartfield
2195 Dowlen Rd
Beaumont, TX 77706-2534
Phone: (409) 866-3318 ext. 1
Facsimile: (409) 782-2051
E-mail: thad@jth-law.com

Attorneys for Plaintiff AmberWave Systems Corp.

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

9:06cv157

## RETURN OF SERVICE

| | DATE 07/31/06 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* Brandon Fowler | TITLE Private Process Server |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: 350 N. Saint Paul Street. Dallas, Texas 75201 by leaving with Shirley Dylan

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 07/31/06 @ 1:10pm
        Date

Signature of Server

2972 US Hwy 190 W.

Livingston, Tx 77351
*Address of Server*

State of Tx
County of Polk

Sworn to and subscribed before me on
the 01 day of August, 2006

Notary Public's Signature
My Commission Expires 8/13/08

SANDRA DUNBAR
Notary Public, State of Texas
My Commission Expires
August 13, 2008

FILED - CLERK
U.S. DISTRICT COURT
TX EASTERN - LUFKIN
2006 AUG -2 AM 8: 05
BY _____

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| EASTERN | District of | TEXAS |
|---|---|---|

AmberWave Systems Corporation

**SUMMONS IN A CIVIL CASE**

V.

Intel Corporation

CASE NUMBER: 9:06CV157      RC

## Judge Clark

TO: (Name and address of Defendant)

Intel Corporation
C/O CT Corporation System
350 N St Paul Street
Dallas, tx 75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Clayton Edward Dark, Jr., Esq.
P O Box 2207
207 East Frank
Suite 100
Lufkin, Tx 75902-2207

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| DAVID J. MALAND | July 28, 2006 |
|---|---|
| CLERK | DATE |

D. Henchke

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ on the following ☒ Patents or ☐ Trademarks:

| DOCKET NO.<br>9:06cv157 | DATE FILED<br>7-28-06 | U.S. DISTRICT COURT<br>Eastern District of Texas; Lufkin Div. |
|---|---|---|
| PLAINTIFF<br>AmberWave Systems Corp | | DEFENDANT<br>Intel Corp |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>DAVID J. MALAND | (BY) DEPUTY CLERK | DATE<br>8/2/06 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **AMBERWAVE SYSTEMS** | § | |
| **CORPORATION,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 9:06-cv-157(RHC)** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **INTEL CORPORATION,** | § | |
| *Defendant.* | § | |

## NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL
## FOR DEFENDANT INTEL CORPORATION

Defendant, INTEL CORPORATION, files this its Notice of Appearance of Additional Counsel, and hereby notifies the Court that Michael E. Jones of the law firm Potter Minton, A Professional Corporation, 110 N. College, Suite 500, Tyler, Texas 75702, is appearing as additional counsel for it in the above-referenced matter. All pleadings, discovery, correspondence and other material should be served upon counsel at the address referenced below.

Respectfully submitted,

**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311
(903) 593 0846 (Facsimile)

By: ___/s/ Michael E. Jones___
       MICHAEL E. JONES
       State Bar No. 10929400
       mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANT**
**INTEL CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of August, 2006. Any other counsel of record will be served by first class mail.

/s/ Michael E. Jones
Michael E. Jones

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS | § | |
| CORPORATION, | § | |
|      *Plaintiff*, | § | **CIVIL ACTION NO. 9:06-cv-157(RHC)** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTEL CORPORATION, | § | |
|      *Defendant*. | § | |

## NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL
## FOR DEFENDANT INTEL CORPORATION

Defendant, INTEL CORPORATION, files this its Notice of Appearance of Additional Counsel, and hereby notifies the Court that John F. Bufe of the law firm Potter Minton, A Professional Corporation, 110 N. College, Suite 500, Tyler, Texas 75702, is appearing as additional counsel for it in the above-referenced matter. All pleadings, discovery, correspondence and other material should be served upon counsel at the address referenced below.

Respectfully submitted,

**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311
(903) 593 0846 (Facsimile)

By:    /s/ John F. Bufe
     JOHN F. BUFE
     State Bar No. 03316930
     johnbufe@potterminton.com

**ATTORNEYS FOR DEFENDANT**
**INTEL CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of August, 2006. Any other counsel of record will be served by first class mail.

/s/ John F. Bufe                         
John F. Bufe

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO. 9:06-cv-157(RHC)** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **INTEL CORPORATION,** | § | |
| *Defendant*. | § | |

---

**INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME
TO ANSWER OR OTHERWISE RESPOND**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

INTEL CORPORATION ("INTEL" ), moves the Court for an extension of time to answer or otherwise respond to Plaintiff AMBERWAVE SYSTEMS CORPORATION'S Complaint, and would show the Court as follows:

1.      Plaintiff, AMBERWAVE SYSTEMS CORPORATION ("AMBERWAVE"), filed its complaint against INTEL on or about July 28, 2006.

2.      The issues involved in this case are such that INTEL requires additional time to prepare a response for at least the following reasons:

- AMBERWAVE has accused INTEL of infringing a patent that describes complicated semiconductor device architecture. AMBERWAVE contends that the invention in the patent is used in "certain semiconductor devices" manufactured by INTEL. INTEL needs to investigate the complex and vaguely targeted patent infringement claim and to identify available defenses.

- As with the prior now-withdrawn complaint filed on the identical patent, Civil Action No. 9:06cv143, INTEL believes that this new complaint raises serious issues as to whether AMBERWAVE has standing to bring the claim asserted in the complaint and whether this Court has subject matter jurisdiction to hear the claim. The dismissal by AmberWave of the prior complaint is compelling evidence that AmberWave believed that it did not have standing to maintain the prior action. Intel has asked Amber Wave to provide the documents that AmberWave claims establish its right to bring this new lawsuit. AmberWave has refused to provide the documents at this juncture. Thus, Intel needs additional time to investigate the underlying facts and determine the appropriate response to the complaint in this case. INTEL believes that it has a license to the patent asserted in the complaint pursuant to a cross-license agreement with a third-party (the "CROSS-LICENSE"). This CROSS-LICENSE includes a mandatory arbitration provision which may impact AMBERWAVE's ability to pursue its claim at this time. INTEL needs time to investigate whether INTEL's rights and obligations under the CROSS-LICENSE give rise to any defenses or counterclaims in this action.

3.      INTEL'S current answer date is August 21, 2006. INTEL respectfully requests a thirty (30) day extension of time to answer or otherwise respond in any manner whatsoever to Plaintiff's Complaint up to and including September 20, 2006.

4.      Plaintiff, AMBERWAVE SYSTEMS CORPORATION, is opposed to this Motion For Extension of Time to Answer or Otherwise Respond.

WHEREFORE, PREMISES CONSIDERED, Defendant Intel prays that the Court grant this Motion for Extension of Time by extending the time period for INTEL to answer or otherwise respond to Plaintiff's Complaint until on or before September 20, 2006.

Dated August 11, 2006                    Respectfully submitted,

By:   /s/ John F. Bufe
      MICHAEL E. JONES, Lead Attorney
      State Bar No. 10929400
      JOHN F. BUFE
      State Bar No. 03316930
      POTTER MINTON
      A Professional Corporation
      110 N. College, Suite 500 (75702)
      P.O. Box 359
      Tyler, Texas 75710
      903.597.8311
      903.593.0846 (Facsimile)
      mikejones@potterminton.com
      johnbufe@potterminton.com

      **ATTORNEYS FOR DEFENDANT
      INTEL CORPORATION**

## CERTIFICATE OF CONFERENCE

I certify that counsel for INTEL CORPORATION, has conferred with counsel for AMBERWAVE SYSTEMS CORPORATION. Amberwave is opposed to the relief sought in this Motion.

*/s/ John F. Bufe*
John F. Bufe

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 11, 2006. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ John F. Bufe*
John F. Bufe

INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME
TO ANSWER OR OTHERWISE RESPOND
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0309335.1 }

Page 4 of 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:06-CV-00157(RHC) |
| vs. ) | |
| ) | Jury Trial Demanded |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## AMBERWAVE'S RESPONSE TO INTEL CORPORATION'S MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

Plaintiff AmberWave Systems Corporation ("AmberWave") hereby responds to the request of Defendant Intel Corporation ("Intel") for a 30-day extension of time to answer or otherwise respond to AmberWave's complaint for infringement of U.S. Patent No. 5,158,907 (the "'907 patent") as follows:

(1) AmberWave opposes the motion. Intel previously represented to the Court that it was prepared to respond to AmberWave's infringement claim on September 1 — 19 days before its new proposed response date. Intel requests the extension so that it can attempt to develop alleged defenses to the infringement claim. Intel can develop these alleged defenses after it answers. They should not serve as a basis for delaying the beginning of the case.

(2) On July 12, 2006, AmberWave filed a complaint against Intel in this Court (9:06-CV-00143(RHC)) (the "First Complaint") alleging infringement of the '907 patent. Intel asked the Court for an extension of time to respond to the First Complaint until September 1. (Ex. A.)

(3) At the time AmberWave filed the First Complaint, it was the co-assignee of the '907 patent with Agere Systems, Inc. Subsequently, AmberWave became sole assignee of the '907 patent. As a result, AmberWave dismissed the First Complaint without prejudice and, on July 28, 2006, brought the present complaint to reflect this change in status. Other than the recitation of ownership interest, the two complaints are identical. When Intel requested a 30-day extension

in the newly filed case, AmberWave asked Intel to explain why it needed until September 20 to respond to the instant complaint, given that Intel was prepared to respond to the First Complaint by September 1. (Ex. B.) Intel has failed to provide any explanation.

(4) Intel's motion states that it needs additional time to develop alleged non-infringement, standing, and license defenses to the '907 patent.[1] Intel gave the same explanation in its motion to extend the response date of the First Complaint. (Ex. A.) Intel does not waive these defenses by answering. Intel will have ample time to attempt to develop them during discovery and, if merited, can amend its answer. The desire to develop defenses is not a basis for delaying the progress of the case.

(5) Although Intel refuses to answer in this case, it is attempting to obtain early discovery regarding its alleged defenses to the '907 patent. It has demanded that AmberWave provide the documents that evidence its rights to the '907 patent. (Ex. C.) In addition, in an unrelated patent litigation between the parties in Delaware, Intel has served discovery requests and a subpoena directed to its alleged standing and license defenses to the '907 patent.[2] (Exs. D-E.)

(6) To address Intel's desire for rapid discovery, AmberWave offered to initiate discovery in the instant action as soon as Intel answered. (Ex. F.) Intel ignored this offer, preferring instead to delay its answer, block AmberWave from advancing the case, and pursue its own improper discovery on the '907 patent in another forum.

(7) AmberWave recognizes that this Court expects collegiality between parties when it comes to requests for extensions of time. In this case, however, Intel's request seems unreasonable and calculated to misuse the tradition of collegiality.

(8) Intel wants additional time to develop defenses to the '907 patent. There is no reason that this cannot occur after Intel answers. Intel has failed to supply any legitimate basis for its requested extension.

---

[1] Contrary to Intel's suggestion, both the First Complaint and the instant complaint make clear that AmberWave is accusing Intel's "dual core devices" of infringement. (First Complaint at ¶14 (9:06-CV-00143(RHC) – Dkt. 1); Complaint at ¶14 (9:06-CV-00157(RHC) – Dkt. 1).)

[2] Intel served the subpoena on Agere Systems, Inc.

- 2 -

WHEREFORE, PREMISES CONSIDERED, AmberWave respectfully opposes the motion to extend time.


Dated: August 14, 2006.

Respectfully Submitted,


_____/s/ Clayton Edward Dark, Jr._____

Clayton Edward Dark, Jr., Esq. (TX #05384500)
P.O. Box 2207
207 East Frank
Lufkin, TX  75902-2207
Phone:  (936) 637-1733
Facsimile:  (936) 637-2897
E-mail: clay.dark@yahoo.com

Morgan Chu (CA #70446)
David Gindler (CA #117824)
IRELL & MANELLA LLP
1800 Avenue of the Stars, #900
Los Angeles, CA  90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
E-mail:  dgindler@irell.com

J. Thad Heartfield, Esq. (TX #09347000)
The Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, TX  77706-2534
Phone (409) 866-3318 Ext. 1
E-mail:  thad@jth-law.com

ATTORNEYS FOR PLAINTIFF
AmberWave Systems Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 14, 2006. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Clayton Edward Dark, Jr.
Clayton Edward Dark, Jr.

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 9:06-cv-143(RHC) |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| INTEL CORPORATION, | § | |
| Defendant. | § | |

### INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

INTEL CORPORATION ("INTEL"), moves the Court for an extension of time to answer or otherwise respond to Plaintiff AMBERWAVE SYSTEMS CORPORATION'S Complaint, and would show the Court as follows:

1.      Plaintiff, AMBERWAVE SYSTEMS CORPORATION ("AMBERWAVE"), filed its complaint against INTEL on or about July 12, 2006 [Dkt. 1].

2.      The issues involved in this case are such that INTEL requires additional time to prepare a response for at least the following reasons:

- AMBERWAVE has accused INTEL of infringing a patent that describes complicated semiconductor device architecture.  AMBERWAVE contends that the invention in the patent is used in "certain semiconductor devices" manufactured by INTEL.  INTEL needs time to investigate the complex and vaguely targeted patent infringement claim and to identify available defenses.

- INTEL believes that the complaint raises serious issues as to whether AMBERWAVE has standing to bring the claim asserted in the complaint and

whether this Court has subject matter jurisdiction to hear the claim. INTEL needs additional time to analyze these procedural issues.

- INTEL believes that it has a license to the patent asserted in the complaint pursuant to a cross-license agreement with a third-party (the "CROSS-LICENSE"). This CROSS-LICENSE includes a mandatory arbitration provision which may impact AMBERWAVE's ability to pursue its claim at this time. INTEL needs time to investigate whether INTEL's rights and obligations under the CROSS-LICENSE gives rise to any defenses or counterclaims in this action.

3.    INTEL'S current answer date is August 2, 2006. INTEL respectfully requests a thirty (30) day extension of time to answer or otherwise respond in any manner whatsoever to Plaintiff's complaint up to and including September 1, 2006.

4.    Plaintiff, AMBERWAVE SYSTEMS CORPORATION, is opposed to this Motion for extension of time to answer or otherwise respond.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant this Motion for Extension of Time by extending the time period for INTEL to answer or otherwise respond to Plaintiff's Complaint until on or before September 1, 2006.

Dated: July 26, 2006

By:      Respectfully submitted,

/s/ John F. Bufe
_____
MICHAEL E. JONES, Lead Attorney
State Bar No. 10929400
JOHN F. BUFE
State Bar No. 03316930
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
johnbufe@potterminton.com
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANT**
**INTEL CORPORATION**

## CERTIFICATE OF CONFERENCE

I certify that counsel for INTEL CORPORATION, has conferred with counsel for AMBERWAVE SYSTEMS CORPORATION.   Amberwave is opposed to the relief sought in this motion.

*/s/ John F. Bufe*
_____
John F. Bufe

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 26, 2006.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ John F. Bufe*
_____
John F. Bufe

**Exhibit B**

**From:** Clayton Dark [mailto:cekrad@yahoo.com]
**Sent:** Tuesday, August 08, 2006 6:42 AM
**To:** johnbufe@potterminton.com
**Cc:** Sheasby, Jason
**Subject:** AmberWave v Intel - Extension

Dear John:

We write in response to Intel's request for a 30-day extension to respond to AmberWave's complaint for infringement of the '907 patent (Texas II). Intel's response is currently due on August 21. The requested 30-day extension would make Intel's response due on September 20.

On July 12, AmberWave filed a complaint against Intel in the Eastern District for infringement of the '907 patent (Texas I). Intel's response was due on August 2. Intel sought a 30-day extension to respond to this complaint (until September 1). Subsequently, AmberWave 's ownership interest in the '907 patent changed. As a result, we dismissed the Texas I complaint without prejudice and refiled the complaint as Texas II. The only meaningful difference between the Texas I and Texas II complaints is a single sentence describing AmberWave's ownership interest in the '907 patent.

AmberWave first informed Intel that it intended to bring a claim for infringement of the '907 patent on June 26.  In addition, Intel first learned of the Texas litigation regarding the '907 patent on July 12, when AmberWave filed Texas I. We are not opposed to granting reasonable extensions of time, but in this context we do not understand why Intel needs until September 20 to respond to the complaint in Texas II, when it was prepared to respond to the complaint in Texas I on September 1. We ask that Intel provide an explanation for its request. We look forward to hearing from you.

Thanks,

Clayton E. Dark, Jr.

**Exhibit C**

**From:** John Bufe [mailto:johnbufe@potterminton.com]
**Sent:** Tuesday, August 08, 2006 1:41 PM
**To:** Clayton Dark
**Cc:** Sheasby, Jason; ~Ostrow, Jefferey
**Subject:** Re: AmberWave v Intel - Extension

Clay--thank you for your email, responding to Intel's request for a 30 day extension of time to answer or otherwise respond to Amberwave's latest Complaint in the Lufkin Division 9:06-cv-157.

While you make reference to the 2 Texas actions, I understand that this is in fact the 3rd time AmberWave has attempted to sue Intel on the '907 patent--the 1st time was in Delaware. I also understand that in connection with Amberwave's filings in Delaware, Amberwave submitted the documents that it claimed established its rights to sue under the '907 patent. Those documents raised threshold questions about Amberwave's ability to maintain any action under the '907 patent; and those questions persisted in the first Texas action.

Intel now needs the opportunity to assess whether such problems persist in the current Texas action. In that connection, please provide to us any documents that reflect any change in AmberWave's rights in and to the 907 patent. The 30 day extension that Intel is requesting will give AmberWave time to provide the relevant documents, and Intel time to evaluate the appropriate response. Thank you for your assistance and cooperation, and for your prompt response to Intel's request for the 30 day extension of time. John Bufe and Mike Jones, Intel Local Counsel-- 903 597 8311.

**Exhibit D**

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | PENNSYLVANIA |

AmberWave Systems Corp.

## **SUBPOENA IN A CIVIL CASE**

**V.**

Intel Corp.

CASE NUMBER: [1]  05-301-KAJ (consolidated)
District of Delaware

TO:  Agere Systems Inc.
1110 American Parkway NE
Allentown, PA 18109-9138

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Patrick E. King, Simpson Thacher & Bartlett LLP, 2550 Hanover St., Palo Alto, CA 94304 | August 8, 2006 at 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | July 19, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey E. Ostrow
Simpson Thacher & Bartlett LLP, 2550 Hanover St., Palo Alto, CA 94304; (650) 251-5030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | July 19, 2006 | Agere Systems Inc.<br>1110 American Parkway NE<br>Allentown, PA 18109-9138 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jean F. Rankin, Esq.<br>General Counsel, Agere Systems Inc. | Federal Express and Facsimile |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Patrick E. King | Associate |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____July 19, 2006_____
DATE

_____
SIGNATURE OF SERVER

Simpson Thacher & Bartlett LLP

ADDRESS OF SERVER

2550 Hanover St., Palo Alto, CA 94304

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>DOCUMENTS REQUESTED</u>

     1.     All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO INTEL.

     2.     All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO INTEL.

     3.     All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO the '907 PATENT.

     4.     All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO the '907 PATENT.

     5.     All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO any of the AGERE PATENTS other than the '907 PATENT.

     6.     All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO any of the AGERE PATENTS other than the '907 PATENT.

     7.     All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO the AGERE/AMBERWAVE LICENSE AGREEMENT, including all drafts of the AGERE/AMBERWAVE LICENSE AGREEMENT or any part thereof.

     8.     All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO the AGERE/AMBERWAVE LICENSE AGREEMENT.

**Exhibit E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMBERWAVE SYSTEMS CORPORATION, )
                                          )
                  Plaintiff,       )    Civil Action No. 05-301-KAJ
                                            )    (consolidated)
         v.                             )
                                            )
INTEL CORPORATION,                 )
                                            )
                  Defendant.      )

## INTEL'S SIXTH SET OF REQUESTS FOR PRODUCTION

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") requests that Plaintiff AmberWave Systems Corporation ("AmberWave") produce and permit Intel and/or its representatives to inspect and copy at the offices of Simpson Thacher & Bartlett LLP, 2550 Hanover Street, Palo Alto, California 94304, at 9:30 a.m., thirty (30) days after service of this Request, or at such time and place as may be mutually agreed upon by the parties, the documents and things described herein that are in AmberWave's possession, custody, and/or control.

## DEFINITIONS

A. As used herein, the words "AMBERWAVE", "YOU," "YOUR," or "YOURSELF" shall mean or refer to AmberWave Systems Corporation and all of its parents, related entities, entities or persons controlled by it, predecessors or successors in interest, subsidiaries, affiliates, former and present executives, officers, directors, employees or agents and any person acting or purporting to act on its behalf.

B. As used herein, the word "AGERE" shall mean or refer to Agere Systems Inc. and all of its parents, related entities, entities or persons controlled by it, predecessors or

M.    The term "including" is intended to be comprehensive and means "including, but not limited to"; the term "any" shall mean "any and all" and the term "each" shall mean "each and every."

N.    Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as in each case is most inclusive.

## DOCUMENTS AND THINGS REQUESTED

107.    All DOCUMENTS exchanged between AGERE and YOU RELATING TO INTEL.

108.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AGERE and YOU RELATING TO INTEL.

109.    All DOCUMENTS exchanged between AGERE and YOU RELATING TO the '907 PATENT.

110.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AGERE and YOU RELATING TO the '907 PATENT.

111.    All DOCUMENTS exchanged between AGERE and YOU RELATING TO any of the AGERE PATENTS other than the '907 PATENT.

112.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AGERE and YOU RELATING TO any of the AGERE PATENTS other than the '907 PATENT.

113.    All DOCUMENTS exchanged between AGERE and YOU RELATING TO the AGERE/AMBERWAVE LICENSE AGREEMENT, including all drafts of the AGERE/AMBERWAVE LICENSE AGREEMENT or any part thereof.

114.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AGERE and YOU RELATING TO the AGERE/AMBERWAVE LICENSE AGREEMENT.

Respectfully submitted,

By _____

George M. Newcombe (admitted *pro hac vice*)
Patrick E. King (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendant*
*INTEL CORPORATION*

## CERTIFICATE OF SERVICE

I, Patrick E. King, hereby certify that on July 24, 2006, I caused to be served copies of

Intel's Sixth Set of Requests for Production on the following counsel of record in the manner

indicated:

**BY FEDERAL EXPRESS**
Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899-1347

**BY ELECTRONIC MAIL**
David I. Gindler, Esq.
Christopher A. Vanderlaan, Esq.
Jason G. Sheasby, Esq.
Amir Naini, Esq.
Irell & Manella LLP
dgindler@irell.com
cvanderlaan@irell.com
jsheasby@irell.com
anaini@irell.com

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
jblumenfeld@mnat.com
lpolizoti@mnat.com

SIMPSON THACHER & BARTLETT LLP

Patrick E. King (admitted *pro hac vice*)
2550 Hanover Street
Palo Alto, California 94304
(650) 251-5000
pking@stblaw.com

*Attorney for Defendant Intel Corporation*

**Exhibit F**

-----Original Message-----
**From:** Clayton Dark [mailto:cekrad@yahoo.com]
**Sent:** Thursday, August 10, 2006 2:50 PM
**To:** John Bufe
**Cc:** Sheasby, Jason; Gindler, David
**Subject:** AmberWave v Intel - Intel's Request for Extension to Answer

Dear John:

Your email indicates that the basis for your requested additional time-- beyond that which you initially sought in the first '907 case in Texas -- is that Intel has questions about "AmberWave's ability to maintain an action under the '907 patent." This is simply a defense, like any other defense that Intel might assert. It is not a basis for an extension of time. Intel can simply raise this defense in its answer.

You request that AmberWave immediately produce documents relating to its rights in the '907 patent, even though discovery has not yet commenced. We can assure you that AmberWave has the absolute right to maintain the instant action. However, if Intel desires immediate discovery regarding the '907 patent, we propose the following: Intel should file an answer to the complaint as soon as possible. In this answer, it can maintain any defenses it believes exist based on AmberWave's rights in the '907 patent. The day after receiving the answer, the parties can immediately conduct a Federal Rule 26(f) meeting so that discovery can commence. In addition, AmberWave will agree to an accelerated response period for each party's first set of requests for production. Please tell me if this proposal addresses Intel's concerns.

Your email also notes that AmberWave originally attempted to add the '907 patent in the proceeding between AmberWave and Intel in Delaware. Intel had previously expressed its view that all claims involving Intel and AmberWave should be consolidated in the Delaware Action. As a result, AmberWave sought to add the '907 patent in Delaware. Intel refused to agree to the addition of the '907 patent on a number of grounds, including that Intel would be prejudiced by its presence. As a result, AmberWave brought the '907 patent as a separate action in the Lufkin Division of the Eastern District in order to obtain as prompt an adjudication of its right as possible.

Per my e-mail of August 8, 2006, we have not received any communication from Intel as to why it needs until September 20, 2006 to respond to the Complaint since, presumably, Intel was prepared to respond to the prior Complaint involving the 907 patent which I called called Texas I, on September 1, 2006. We do not view the issue of Intel possibly asserting a defense related AmberWave's ownership of the patent as being necessary to require an extension of time to respond.

Thanks,
Clayton E. Dark, Jr.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:06-CV-00157(RHC) |
| vs. | ) | |
| | ) | **[PROPOSED] ORDER** |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING INTEL CORPORATION'S MOTION FOR AN EXTENSION OF
TIME TO ANSWER OR OTHERWISE RESPOND**

ON THIS DAY, came to be heard Defendant INTEL CORPORATION'S Motion for
Extension of Time to Answer or Otherwise Respond to the Complaint of Plaintiff
AMBERWAVE SYSTEMS CORPORATION in the above-styled and numbered cause. After
considering said motion, and the entire record in this cause, it is hereby ORDERED that
Defendant Intel Corporation's motion is DENIED.

Dated:_____        _____

                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § § § | |
| Plaintiff, | § | Civil Action No. 9:06-CV-157 |
| | § | |
| v. | § | |
| | § | JUDGE RON CLARK |
| INTEL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Before the court is Defendant's Motion for Extension of Time to Answer or Otherwise

Respond [Doc. # 8]. Defendant requests that it be granted an extension to respond to Plaintiff's

complaint until September 20, 2006. Plaintiff opposes this request. Fed. R. Civ. P. 1 states that

the rules of procedure must be "construed and administered to secure the just, speedy and

inexpensive determination of every action." Defendant claims that additional time is necessary

because of the complexity of the suit, and in order to conduct an investigation prior to

responding.

This court regularly allows amended pleadings after exchange of extensive initial

disclosures. Defendant Intel Corporation has not been caught completely unaware as very similar

pleadings were filed against it on July 12, 2006. *See* Civil Action No. 9:06-CV-143.

Defendant's current deadline to respond is August 21, 2006. Under these circumstances, the

court will deny the extension of time until September 20, 2006.

IT IS THEREFORE ORDERED that Defendant's Motion for Extension of Time to Answer or Otherwise Respond [**Doc. # 8**] is **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **August, 2006.**

_____

Ron Clark, United States District Judge

**Appendix K**

**Revised: 12/3/03**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### Lufkin   DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

FILED - CLERK
U.S. DISTRICT COURT

2006 AUG 16  AM 11: 17

TX EASTERN - LUFKIN

1.This application is being made for the following: Case #  9:06-cv-00157-RHC

Style: AmberWave Systems Corp. vs. Intel Corp.

BY _____

2.  Applicant is representing the following party/ies:

AmberWave Systems Corp.

3.Applicant was admitted to practice in  California   (state) on  12/22/1976   (date).

4.  Applicant is in good standing and is otherwise eligible to practice law before this court.

5.  Applicant is not currently suspended or disbarred in any other court.

6.  Applicant has/has not an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7.  Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8.  Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).    If so, give complete information on a separate page.

9.  Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

Please see attached.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Morgan Chu _____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date  8/5/06 _____           Signature _____

Name (please print) Morgan Chu

State Bar Number California 70446

Firm Name:   Irell & Manella LLP

Address/P.O. Box:   1800 Avenue of the Stars

City/State/Zip: Los Angeles, CA 90067

Telephone #:  (310) 277-1010

Fax #:   (310) 203-7199

E-mail Address: mchu@irell.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 16th day of August , 2006

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

# MORGAN CHU
# COURT ADMISSIONS

| TITLE OF COURT | DATE OF ADMISSION |
|---|---|
| California Bar & All California Courts | December 22, 1976 |
| United States District Court Central District of California | October 17, 1977 |
| United States Court of Appeals Ninth Circuit (California) | February 5, 1980 |
| United States District Court Northern District of California | November 6, 1980 |
| United States District Court Southern District of California | September 7, 1984 |
| United States District Court Eastern District of California | July 1, 1986 |
| United States Court of Appeals Federal Circuit | May 2, 1989 |
| United States Supreme Court | March 18, 1991 |
| United States Court of Appeals Second Circuit | November 13, 1995 |
| United States Court of Appeals Eleventh Circuit | November 14, 1996 |

**Appendix K**                                           **Revised: 12/3/03**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### Lufkin    DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

FILED - CLERK
U.S. DISTRICT COURT

2006 AUG 16  AM 11: 17

TX EASTERN - LUFKIN

BY _____

1. This application is being made for the following: Case # 9:06-cv-00157-RHC

Style: AmberWave Systems Corp. vs. Intel Corp.

2. Applicant is representing the following party/ies:

AmberWave Systems Corp.

3. Applicant was admitted to practice in California (state) on December 1991 (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

Central/Eastern/Southern/Northern Districts of California, Supreme Court of California, Court of Appeals Federal Circuit

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Christopher A. Vanderlaan                           do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date  July 31, 2006                    Signature  _____

Name (please print) Christopher A. Vanderlaan

State Bar Number 155628

Firm Name:  Irell & Manella LLP

Address/P.O. Box:  1800 Avenue of the Stars

City/State/Zip: Los Angeles, CA 90067

Telephone #:  (310) 277-1010

Fax #:  (310) 203-7199

E-mail Address: CVanderlaan@irell.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 16th day of _____August_____, 2006

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

**Appendix K**                                                                 Revised: 12/3/03

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
## Lufkin    DIVISION

FILED - CLERK
U.S. DISTRICT COURT

## APPLICATION TO APPEAR PRO HAC VICE 06 AUG 16 AM 11: 17

1.This application is being made for the following: Case # 9:06-cv-00157-RHC X EASTERN - LUFKIN

Style: AmberWave Systems Corp. vs. Intel Corp.

2. Applicant is representing the following party/ies:                        BY _____

AmberWave Systems Corp.

3.Applicant was admitted to practice in California   (state) on 06/11/1985                (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

Please see attached.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, David I. Gindler _____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date 8/1/06                       Signature _____

Name (please print) David I. Gindler

State Bar Number California 117824

Firm Name: Irell & Manella LLP

Address/P.O. Box: 1800 Avenue of the Stars

City/State/Zip: Los Angeles, CA 90067

Telephone #: (310) 277-1010

Fax #: (310) 203-7199

E-mail Address: dgindler@irell.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 16th day of _____August_____, 20 06

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

David I. Gindler

11.    Bar Admissions:

| | |
|---|---|
| California State Bar (No. 117824) | 6/11/85 |
| U.S Supreme Court | 1/24/94 |
| U.S. Court of Appeals for the Federal Circuit | 6/23/04 |
| Ninth Circuit Court of Appeals | 6/26/85 |
| USDC-Central District | 6/12/85 |
| USDC-Northern District | 1/25/88 |
| USDC-Eastern District | 2/09/90 |
| USDC-Southern District | 8/30/96 |

**Appendix K**                                                    **Revised: 12/3/03**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
__Lufkin__ **DIVISION**
### APPLICATION TO APPEAR PRO HAC VICE

FILED - CLERK
U.S. DISTRICT COURT

'06 AUG 16 AM 11: 17

TX EASTERN - LUFKIN

1.This application is being made for the following: Case # __9:06-cv-00157-RHC__

Style: __AmberWave Systems Corp. vs. Intel Corp.__

2. Applicant is representing the following party/ies:

__AmberWave Systems Corp.__

BY_____

3.Applicant was admitted to practice in __California__ (state) on __12/13/1999__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

__Please see attached.__

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, __Jason G. Sheasby__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __July 31, 2006__          Signature _____

Name (please print) Jason G. Sheasby

State Bar Number California 205455

Firm Name:    Irell & Manella LLP

Address/P.O. Box:    1800 Avenue of the Stars

City/State/Zip: Los Angeles, CA  90067

Telephone #:   (310) 277-1010

Fax #:   (310) 203-7199

E-mail Address: jsheasby@irell.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 10 day of August , 20 06

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By    _____

Deputy Clerk

# JASON G. SHEASBY

## COURT ADMISSIONS

| Title of Court | Date of Admission |
| --- | --- |
| Supreme Court of the State of California | |
| United States District Court Central District of California | January 7, 2003 |
| United States District Court Northern District of California | February 16, 2001 |
| United States Court of Appeals Federal Circuit | December 23, 2002 |

CLOSED, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Lufkin)
### CIVIL DOCKET FOR CASE #: 9:06-cv-00157-RHC

*06CV638*

AmberWave Systems Corporation v. Intel Corporation
Assigned to: Judge Ron Clark
Related Cases: 2:05-cv-00321-LED
                2:05-cv-00449-TJW
                9:06-cv-00143-RHC
Cause: 35:271 Patent Infringement

Date Filed: 08/31/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**AmberWave Systems Corporation**





represented by **Clayton Edward Dark, Jr**
Attorney at Law
PO Box 2207
Lufkin, TX 75902-2207
936/637-1733
Fax: 19366372897
Email: cekrad@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander C D Giza**
Irell & Manella LLP
1800 Ave of the Stars
Ste 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: agiza@irell.com
*ATTORNEY TO BE NOTICED*

**Amir A Naini**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: anaini@irell.com
*ATTORNEY TO BE NOTICED*

**Andrew D Weiss**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-7175
Fax: 310/203-7199
Email: aweiss@irell.com
*ATTORNEY TO BE NOTICED*

**Christopher A Vanderlaan**
Irell & Manella LLP
1800 Avenue of the Stars

Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: cvanderlaan@irell.com
*ATTORNEY TO BE NOTICED*

**David I Gindler**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
310/277-1010
Fax: 13105565206
Email: dgindler@irell.com
*ATTORNEY TO BE NOTICED*

**J Thad Heartfield**
Law Offices of J. Thad Heartfield
2195 Dowlen Rd
Beaumont, TX 77706
409/866-3318
Fax: 14098665789
Email: thad@jth-law.com
*ATTORNEY TO BE NOTICED*

**Jason G Sheasby**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: jsheasby@irell.com
*ATTORNEY TO BE NOTICED*

**Maclain Wells**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.277.1010
Fax: 310.203.7199
Email: mwells@irell.com
*ATTORNEY TO BE NOTICED*

**Morgan Chu**
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: mchu@irell.com
*ATTORNEY TO BE NOTICED*

**Samuel K Lu**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900

Los Angeles, CA 90067-4276
310/277-1010
Fax: 310/203-7199
Email: slu@irell.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Intel Corporation**        represented by **Michael Edwin Jones**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email: mikejones@potterminton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher K. Ridder**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650-251-5000
Fax: 650-251-5002
Email: cridder@stblaw.com
*ATTORNEY TO BE NOTICED*

**George M Newcombe**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650/251-5000
Fax: 16502515002
Email: gnewcombe@stblaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey E Ostrow**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650/251-5000
Fax: 16502515002
Email: jostrow@stblaw.com
*ATTORNEY TO BE NOTICED*

**John Frederick Bufe**
Potter Minton
P. O. Box 359
Tyler, TX 75710
903/597/8311
Fax: 9035930846
Email: johnbufe@potterminton.com
*ATTORNEY TO BE NOTICED*

**Kerry L. Konrad**
Simpson Thacher & Bartlett - New York
425 Lexington Ave

New York, NY 10017-3954
212-455-2000
Fax: 212-455-2502
Email: kkonrad@stblaw.com
*ATTORNEY TO BE NOTICED*

**Patrick E King**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650/251-5000
Fax: 16502515002
Email: pking@stblaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2006 | ❷1 | COMPLAINT (35:0271 Patent Infringement) against Intel Corporation , filed by AmberWave Systems Corporation. (Attachments: # 1 Civil Cover Sheet)(djh, ) (Entered: 08/02/2006) |
| 07/28/2006 | ❷2 | NOTICE by AmberWave Systems Corporation of cases that involve the same parties as this case at bar and is a collateral proceeding and cases that do not constitute collateral proceedings but brings notice of their existence to the Court's attention (djh, ) Modified on 8/2/2006 (djh, ). (Entered: 08/02/2006) |
| 07/28/2006 | ❷ | Filing fee: $ 350, receipt number 9-1-416 (djh, ) (Entered: 08/02/2006) |
| 07/28/2006 | ❷3 | CORPORATE DISCLOSURE STATEMENT filed by AmberWave Systems Corporation (djh, ) (Entered: 08/02/2006) |
| 07/28/2006 | ❷ | Summons Issued as to Intel Corporation and handed back to atty for service (djh, ) Modified on 8/2/2006 (djh, ). (Entered: 08/02/2006) |
| 08/02/2006 | ❷4 | Return of Service Executed as toIntel Corporation on 7/31/2006, answer due: 8/21/2006. (djh, ) Additional attachment(s) added on 8/2/2006 (djh, ). (Entered: 08/02/2006) |
| 08/02/2006 | ❷5 | Form mailed to Commissioner of Patents and Trademarks. (djh, ) (Entered: 08/02/2006) |
| 08/04/2006 | ❷6 | NOTICE of Attorney Appearance by Michael Edwin Jones on behalf of Intel Corporation (Jones, Michael) (Entered: 08/04/2006) |
| 08/04/2006 | ❷7 | NOTICE of Attorney Appearance by John Frederick Bufe on behalf of Intel Corporation (Bufe, John) (Entered: 08/04/2006) |
| 08/11/2006 | ❷8 | MOTION for Extension of Time to File Answer re 1 Complaint by Intel Corporation. (Attachments: # 1 Text of Proposed Order)(Bufe, John) (Entered: 08/11/2006) |
| 08/14/2006 | ❷9 | RESPONSE in Opposition re 8 MOTION for Extension of Time to File Answer re 1 Complaint filed by AmberWave Systems Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Text of Proposed Order)(Dark, Clayton) Modified on 8/14/2006 (kjr, ). (Entered: 08/14/2006) |
| 08/15/2006 | ❷10 | ORDER denying 8 Motion for Extension of Time to Answer . Signed by Judge Ron Clark on 8/15/06. (kjr, ) (Entered: 08/15/2006) |
| 08/16/2006 | ❷11 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Morgan Chu for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | ❷12 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Christopher A Vanderlaan for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |

| 08/16/2006 | 🔵13 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney David I Gindler for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
|---|---|---|
| 08/16/2006 | 🔵14 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Jason G Sheasby for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵15 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Amir A Naini for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵16 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Samuel K Lu for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵17 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Andrew D Weiss for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵18 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Alexander C D Giza for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵19 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Maclain Wells for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵 | Pro Hac Vice Filing fee paid by Morgan Chu, Christopher Vanderlaan, David Gindler, Jason Sheasby, Amir Naini, Samuel Lu, Andrew Weiss, Alexander Giza, Maclain Wells; Fee: $225, receipt number: 9-1-431 (djh, ) (Entered: 08/16/2006) |
| 08/21/2006 | 🔵20 | *Intel Corporation's* ANSWER to Complaint with Jury Demand by Intel Corporation. (Bufe, John) (Entered: 08/21/2006) |
| 08/21/2006 | 🔵21 | MOTION to Change Venue *to Earlier-Filed Litigation Pending in the District of Delaware* by Intel Corporation. (Attachments: # 1 Declaration of Michael E. Jones# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J# 12 Exhibit K# 13 Exhibit L# 14 Exhibit M# 15 Exhibit N# 16 Exhibit O# 17 Exhibit P# 18 Exhibit Q# 19 Text of Proposed Order)(Bufe, John) (Entered: 08/21/2006) |
| 08/28/2006 | 🔵22 | REFERRAL ORDER. Discovery disputes and discovery motions, as well as certain othermotions filed in this case, shall be REFERRED, at the discretion of, or in the absence of, theundersigned, to United States Magistrate Judge Keith F. Giblin . Signed by Judge Ron Clark on 8/28/06. (kjr, ) (Entered: 08/29/2006) |
| 08/29/2006 | 🔵23 | CORPORATE DISCLOSURE STATEMENT filed by Intel Corporation identifying NONE as Corporate Parent. (Bufe, John) (Entered: 08/29/2006) |
| 08/29/2006 | 🔵24 | PROTECTIVE ORDER . Signed by Judge Ron Clark on 8/28/06. (kjr, ) (Entered: 08/30/2006) |
| 08/29/2006 | 🔵25 | ORDER GOVERNING PROCEEDINGS. The case is set for the initial Rule 16 management conference on 10/31/06 at 10:00 am in Beaumont. Signed by Judge Ron Clark on 8/28/06. (kjr, ) (Entered: 08/30/2006) |
| 08/31/2006 | 🔵 | Pro Hac Vice Filing fee paid by Kerry L. Konrad, Jeffrey E. Ostrow, Patrick E. King, Christopher K. Ridder, George M. Newcombe; Fee: $125.00, receipt numbers: 6-1-6549 thru 6-1-6553 (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵27 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney George M Newcombe for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵28 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Christopher K. Ridder for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵29 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Patrick E King for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵30 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Jeffrey E Ostrow for |

| | | Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
|---|---|---|
| 08/31/2006 | 🔵31 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Kerry L. Konrad for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 09/01/2006 | 🔵26 | MOTION to Amend/Correct 1 Complaint by AmberWave Systems Corporation. (Attachments: # 1 Exhibit Exhibit A - First Amended Complaint# 2 Text of Proposed Order)(Giza, Alexander) (Entered: 09/01/2006) |
| 09/05/2006 | 🔵32 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 21 MOTION to Change Venue *to Earlier-Filed Litigation Pending in the District of Delaware* filed by AmberWave Systems Corporation. (Attachments: # 1 Text of Proposed Order Proposed Order# 2 Affidavit Declaration of Anthony Lochtefeld# 3 Affidavit (Filed Under Seal) Confidential Portion of the Declaration of Anthony Lochtefeld# 4 Affidavit Declaration of C. Maclain Wells# 5 Exhibit #1# 6 Exhibit (Filed Under Seal) #2# 7 Exhibit #3# 8 Exhibit #4# 9 Exhibit #5# 10 Exhibit #6# 11 Exhibit #7# 12 Exhibit #8# 13 Exhibit #9# 14 Exhibit #10# 15 Exhibit #11# 16 Exhibit #12# 17 Exhibit #13# 18 Exhibit #14# 19 Exhibit #15# 20 Exhibit #16# 21 Exhibit #17# 22 Exhibit #18# 23 Exhibit #19# 24 Exhibit #20# 25 Exhibit #21# 26 Exhibit #22# 27 Exhibit #23# 28 Exhibit #24# 29 Exhibit #25# 30 Exhibit #26# 31 Exhibit #27# 32 Exhibit Ex. 28# 33 Exhibit #29# 34 Exhibit #30# 35 Exhibit #31# 36 Exhibit #32# 37 Exhibit #33# 38 Exhibit (Filed Under Seal) #34# 39 Exhibit #35# 40 Exhibit #36# 41 Exhibit #37# 42 Exhibit #38# 43 Exhibit #39# 44 Exhibit #40# 45 Exhibit #41# 46 Exhibit #42# 47 Exhibit #43# 48 Proof of Service# 49 Proof of Service)(Wells, Maclain) (Entered: 09/05/2006) |
| 09/11/2006 | 🔵33 | Consent MOTION for Leave to File Excess Pages *For Its Reply Brief in Support Of Its Motion to Transfer* by Intel Corporation. (Attachments: # 1 Exhibit # 2 Text of Proposed Order)(Bufe, John) (Entered: 09/11/2006) |
| 09/12/2006 | 🔵34 | ORDER granting 33 Motion to File Excess Pages for Intel Corporation's Reply in Support of its Motion to Transfer. Signed by Judge Ron Clark on 9/12/06. (kjr, ) (Entered: 09/13/2006) |
| 09/12/2006 | 🔵35 | REPLY to Response to Motion re 21 MOTION to Change Venue *to Earlier-Filed Litigation Pending in the District of Delaware* filed by Intel Corporation. (kjr, ) (Entered: 09/13/2006) |
| 09/13/2006 | 🔵36 | RESPONSE to Motion re 26 MOTION to Amend/Correct 1 Complaint *Intel Corporation's Statement of Non-Opposition to AmberWave's Motion for Leave to File Its First Amended Complaint* filed by Intel Corporation. (Bufe, John) (Entered: 09/13/2006) |
| 09/18/2006 | 🔵37 | SEALED PATENT DOCUMENT *Sur-Reply of AmberWave to Intel's Motion To Transfer*. (Attachments: # 1 Proof Of Service)(Wells, Maclain) (Entered: 09/18/2006) |
| 09/21/2006 | 🔵38 | SEALED ORDER granting 21 Motion to Change Venue. This case is transferred to the United States District Court for the District of Delaware. The Clerk shall send a copy of this Order to the Clerk of the United States District Court for the District of Delaware. Signed by Judge Ron Clark on 9/21/06. (kjr, ) Modified on 9/22/2006 (kjr, ). (Entered: 09/22/2006) |
| 10/12/2006 | 🔵 | Interdistrict transfer to the District of Delaware District. Forwarded certified copy of complaint, order of transfer (sealed) and docket sheet. (kjr, ) (Entered: 10/12/2006) |