# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

AMBER WAVE SYSTEMS CORPORATION §
§
VS. § Case No. 9:06CV-157
§
INTEL CORPORATION §

## REFERRAL ORDER

In an effort to prevent undue delays in this complicated case, the undersigned hereby enters the following Referral Order.

It is **ORDERED** that discovery disputes and discovery motions, as well as certain other motions filed in this case, shall be **REFERRED**, at the discretion of, or in the absence of, the undersigned**,** to United States Magistrate Judge Keith F. Giblin. The United States Magistrate Judge shall hear and determine such matters as are within the magistrate judge's dispositive jurisdiction and proceed in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) concerning such matters that are excepted from the magistrate judge's dispositive jurisdiction.

So **ORDERED** and **SIGNED** this **28** day of **August, 2006.**

_____
Ron Clark, United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **AMBERWAVE SYSTEMS** | § | |
| **CORPORATION,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 9:06-cv-157(RHC)** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **INTEL CORPORATION,** | § | |
| *Defendant.* | § | |

---

## INTEL CORPORATION'S CORPORATE DISCLOSURE STATEMENT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Defendant, INTEL CORPORATION, and files this its Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1, and as such would respectfully show the Court the following:

1.    Defendant, INTEL CORPORATION, has no parent corporation; and

2.    No publicly held corporation owns 10% or more of the stock of INTEL CORPORATION.

Dated August 29, 2006                    Respectfully submitted,

                                 By:    /s/ John F. Bufe
                                        MICHAEL E. JONES, Lead Attorney
                                        State Bar No. 10929400
                                        JOHN F. BUFE
                                        State Bar No. 03316930
                                        POTTER MINTON
                                        A Professional Corporation
                                        110 N. College, Suite 500 (75702)
                                        P.O. Box 359
                                        Tyler, Texas 75710
                                        903.597.8311
                                        903.593.0846 (Facsimile)
                                        Mike:  mikejones@potterminton.com
                                        John:   johnbufe@potterminton.com

                                        **ATTORNEYS FOR DEFENDANT
                                        INTEL CORPORATION**


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system per Local Rule CV-5(a)(3) on August 29, 2006. Any other counsel of record
will be served by first class mail.


                                        /s/ John F. Bufe
                                        John F. Bufe

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 2 9 2006

DAVID J. MALAND, CLERK

DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION | § | |
| | § | |
| V. | § | CIVIL NO.9:06-cv-157 |
| | § | JUDGE RON CLARK |
| INTEL CORPORATION | § | |
| | § | |

## PROTECTIVE ORDER

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.     Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation may assert that public d issemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing

Appendix A - Protective Order

Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.     Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.     Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.     At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the

2

party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.      Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.      Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

     (a)      Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

     (b)      Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

     (c)      The Court.

     Protected Documents and any information contained therein shall be used solely for the

3

Appendix A - Protective Order

prosecution of this litigation.

6.    Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.    To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

4

Appendix A - Protective Order

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries,

5

Appendix A - Protective Order

divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates that the parties may file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _28th_ day of August, 2006.

_____
Ron Clark, United States District Judge

Appendix A - Protective Order



F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 2 9 2006

DAVID J. MALAND, CLERK

DEPUTY_____

AMBERWAVE SYSTEMS CORPORATION    §
                                 §
VS.                              §    Case No.   9:06-CV-157
                                 §
INTEL CORPORATION                §

## ORDER GOVERNING PROCEEDINGS
### (Patent Cases)

The case is **SET** for the Initial Rule 16 Management Conference on **October 31, 2006, at 10:00 a.m.,** in Courtroom 2 at the United States Courthouse in Beaumont, Texas. Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present. If a party is a corporation or other business entity, the in-house counsel or officer supervising the case shall attend in person or by phone. Continuance of the management conference will not be allowed absent a showing of good cause[1].

### A. Rule 26 Attorney Conference

The Rule 26(f) attorney conference in this case must occur **by September 15, 2006.** The conference may be by telephone. Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order (See Appendix C) and to file with the clerk **a joint report** outlining their proposals **no later than 14 days after the conference.**

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference. Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge. Parties willing to consent should submit the appropriate form (appendix "B: to the Local Rules for the Eastern District of Texas) to the district clerk as soon as possible so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

---

[1] Before the case management conference, counsel and unrepresented parties should review the FEDERAL RULES OF CIVIL PROCEDURE, the LOCAL COURT RULES FOR THE EASTERN DISTRICT OF TEXAS, and the PATENT RULES of this court (all as most recently amended). The Local Court Rules and the Patent Rules are available on the Eastern District of Texas website (http://www.txed.uscourts.gov)

The parties must include the following matters in the joint conference report.

(1)    Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix C, including:.

      a.    The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

      b.    The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R.4-3 has been filed.

(2)    If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.

(3)    What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.

(4)    The identity of persons expected to be deposed.

(5)    Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

(6)    Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.

(7)    Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).

(8)    Estimated trial time.

(9)    The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

(10)   Any other matters counsel deem appropriate for inclusion in the joint conference report.

## B. Scheduling Conference

At the scheduling conference, counsel shall be prepared to discuss the proposed scheduling order and the following issues related to the Claim Construction Hearing:

   (1)  Whether the court will hear live testimony at the Claim Construction Hearing;

   (2)  The order of presentation at the Claim Construction Hearing;

   (3)  Estimated time limits for the Claim Construction Hearing.

## C.  Protective Order

The Protective Order, attached as Appendix A is hereby entered in this case and shall apply to all discovery and disclosures herein.

## D.  Compliance with Patent Rules

The Local Patent Rules of the Eastern District of Texas (cited as P.R. ___), ( available on the Eastern District Website) shall apply to all proceedings in this case.  In the absence of a showing of good cause by a party objecting to a required  disclosure, the parties shall disclose, without further request or order,  all information required by the Patent Rules in accordance with the deadlines set by the Rules.

## E.  Initial Discovery

**Mandatory Disclosure**s consist of  Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) and the information listed below.  To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Mandatory Disclosures  shall be completed by the date set in the Scheduling Order entered after the Rule 16 management conference.

   (1)  the correct names of the parties to the action;

   (2)  the name and, if known, address and telephone number of any potential parties to the action;

   (3)  the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person (may be combined with list of persons required under Rule 26(a)(1)(A) so two list are not needed).

   (4)  a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the claims or defenses of any party, unless solely for impeachment.

*See* Local Rule CV-26(d) for meaning of "relevant to the claim or defense of any party."

The duty of disclosure is continuing and requires supplementation as set out in Fed. R. Civ. P. 26(e).

A party that fails to disclose any information required to be disclosed by any order of this court or the Patent Rules of this court will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

To the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Court's Patent Rules, the parties shall also, without waiting for a request from other parties, exchange, by the date set for Mandatory Disclosures, all such information relevant to those additionally pleaded claims or defenses involved in this action.

Absent agreement of the parties, depositions of witnesses shall not be taken until after the Initial Rule 16 management conference. Following the management conference, the court will enter a scheduling order establishing parameters of discovery and setting deadlines controlling disposition of the case.

Discovery directed solely to damages shall usually be postponed until after the claim construction hearing. On the date set in the Scheduling Order, the parties shall complete discovery and Initial Disclosures on the issue of damages and shall respond to all damage discovery requests to which a response is due as of that date.

By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials.

## F. Discovery Limitations

Given the extensive disclosures required without a request from opposing party, absent further order of this court, discovery in this cause is limited to the disclosures described in this order, the Local Patent Rules and the Scheduling Order, together with 45 interrogatories, 45 requests for admissions, depositions on written questions of custodians of business records for third parties, and 40 hours of deposition time per side. "Side" means a party or a group of parties with a common interest. Time will count whether used in direct examination or cross-examination of any witness. Any party may move at the Initial Management Conference to modify these limitations for good cause.

## G. Privileged Information

There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information at the Initial Rule 26 Conference. As directed in the Scheduling Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege

shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall file with its response any proof in the form of declarations or affidavits to support assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact.

### H. Failure to Serve

Any defendant who has not been served with the summons and complaint within **130 days** after the filing of the complaint **shall be dismissed, without further notice,** unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. (*See* Fed. R. Civ. P. 4(m)).

### I. Fictitious Parties

The name of every party shall be set out in the complaint (Fed. R. Civ. P. 10(a)). The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d. 869 (7th Cir. 1997). It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Fed. R. Civ. P. 15(c).

### J. Contested Motion Practice

Parties shall comply with the guidelines in Appendix B - Contested Motion Practice.

### K. Discovery Disputes

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to a claim or defense and on disputes which arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

### L. Settlement

Plaintiff's counsel shall immediately notify the court upon settlement.

### M. Compliance

Attorneys and *pro se* litigants who appear in this court shall comply with the deadlines set forth in the Federal Rules of Civil Procedure the Local Rules for the Eastern District of Texas as modified by the Patent Rules of this court, and this court's orders. A party is not excused from the requirements of an order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, the Patent Rules of this court, or any order of this court may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonable withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

### N.  Resources

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains the Eastern District Local Rules and the Local Patent Rules, links to other judicial sites and other information. For a fee, the PACER system allows you to access case information *via* the internet. To establish a PACER account, call (800) 676-6856.

Appendices A, B, and C, are attached and incorporated herein.

**SO ORDERED.**

**SIGNED** August 28, 2006.

Ron Clark, United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION | § | |
| | § | |
| V. | § | CIVIL NO.9:06-cv-157 |
| | § | JUDGE RON CLARK |
| INTEL CORPORATION | § | |
| | § | |

## **PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing

Appendix A - Protective Order

Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.      Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.      At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the

2

Appendix A - Protective Order

party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.    Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

  (a)    Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

  (b)    Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

  (c)    The Court.

Protected Documents and any information contained therein shall be used solely for the

3

prosecution of this litigation.

6. Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

4

Appendix A - Protective Order

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries,

Appendix A - Protective Order

divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates that the parties may file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _28TH_ day of August, 2006.

Ron Clark, United States District Judge

Appendix A - Protective Order

## APPENDIX B - CONTESTED MOTION PRACTICE

It is the court's goal to decide all motions in this case within eight weeks of the date they are ripe for consideration and decision under Local Rule CV-7. If you have not received a decision on a motion within nine weeks after the filing of the last response or reply permitted under Local Rule CV-7, you may call the court's Chief of Staff, Ms. V. J. Wisenbaker, at 409 654-2800, to determine the status of the motion.

The court's docket is growing and numerous motions must be considered every month. Accordingly, to assist the court in attaining the goal of resolving motions within eight weeks after they are ripe for decision (and to make it easier for the court to understand your position), counsel and parties shall comply with the following motion practice requirements in addition to the Federal Rules of Civil Procedure and Local Rules CV-7, CV-10, CV-11, and for motions for summary judgement, Local Rule CV-56.

1.    Format

All parties are required to comply with the E.D. Tex. electronic filing system. Parties are **REQUIRED** to send courtesy copies of documents over five pages. Make it easy for the Court to follow and understand your motion or response. Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response, and to highlight in the Court's copy, the portions which are cited in your motion or response. If there are more than two attachments, labeled tabs on the Court's copy will make it easier to find them. If the motion and attachments exceed 20 pages, consider spiral binding the Court's copy to make it easier to read.

2.    Summary of case (Optional)

Counsel should begin a motion or response with a short (1-3 paragraphs) summary of the basis of the motion or response. A good summary will quickly let the law clerks and the judge know what your case and the motion is about.

3.    Undisputed Material Facts (Required of Movant)

The movant shall list the undisputed facts upon which it relies to demonstrate that it is entitled to the relief requested. The list should contain only the facts which the movant contends are material[1] to the facts presented; true; and not in genuine dispute. Each such fact shall be set out in a separately numbered sentence and shall contain the specific reference to the evidentiary record which the movant

---

[1]"A material fact" is one that might  affect the outcome of the issue in dispute. The fact must be critical to the determination of the issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed 2d 202, 106 S. Ct. 2505 (1986). If you feel that background facts would be helpful to put the case in context, include them in narrative form (with citations to the evidence) in a section entitled "Background Facts-Not Material to Argument." Non-movant may, but is not required to,  respond to these facts, and may include other background facts in a section with the same heading..

claims supports it.  Follow Local Rule CV-7(b) when attaching affidavits and other evidence, especially with regard to **highlighting the key references** in the copy provided to the court.   The court is not going to search the record for facts which support your motion or response.

Counsel shall state the facts in clear and unambiguous, simple, declarative sentences.  Color words, argument, and subtle inferences ~~will be reserved for the argument portion of the motion.~~ Each fact must be supported by a citation to the evidence on file.   Conclusory allegations and unsubstantiated assertions in an affidavit are not evidence.  *See Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5ᵗʰ Cir. 1995)

4.      <u>Response to List of Undisputed Material Facts</u> (Required of Opposing Party)

Each opposing party's response  shall include  a response to the movant's claimed undisputed material facts.  Remember that the purpose of the response is to focus the court's attention on the critical disputes over material facts.  (*See* footnote 1)

The response to the movant's list of undisputed material facts shall be  designated as such, and when responding to a motion for summary judgement shall take the place of the "Statement of Genuine Issues" required by Local Rule CV-56(b).  The response  shall contain a specific numbered reply to each numbered sentence in the movant's list of claimed undisputed facts.   The reply shall be:  the single word "undisputed"; the single word "disputed," followed by a specific reference to the evidentiary record; or a short explanatory phrase such as "undisputed but not material," or "undisputed but context clarified in sentence _____ below."[2]

Alternatively, the nonmoving party may demonstrate as to a particular fact listed by movant that additional discovery is needed to controvert such fact, pursuant to Rule 46 (f).  The party must state exactly what discovery is needed, and from whom, and when the party proposes  to complete such discovery.  Anticipated evidence must be clearly delineated.  A request for a fishing expedition in the hope that something may be obtained will not be sufficient.

Non-movant may then list any additional material (*See* Footnote 1) facts non-movant claims require denial of the motion.  Set out each such fact in a separate sentence with a citation to the evidentiary record.  Follow Local Rule CV-7(b) when attaching affidavits and other evidence.

Non-movant shall also state the facts in clear and unambiguous, simple, declarative sentences.  Color words, argument, and subtle inferences **will** be reserved for the argument portion of the response.   Each fact must be supported by a citation to the evidence on file.  Conclusory allegations and unsubstantiated assertions in an affidavit are not evidence.  *See Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5ᵗʰ Cir. 1995)

---

[2]The court does not intend to prevent a non-movant from arguing that movant for summary judgment has failed to carry its initial burden under *Celotex Corp. v. Catrett*, 477 U. S. 317 (1986).

App. B, Patent Cases - Contested Motion Practice

5.    <u>Issues Presented</u> (Required)

The movant shall clearly set out in a separate section of the motion, "Issues Presented," the precise issues, a favorable finding on which, would entitle the movant to the relief granted.  Non-movant does not have to list these issues in the response, but may state other issues,  such as affirmative defenses, etc. which would justify denial of the motion even assuming that movant's position on the issues raised by movant is correct.

6.    <u>Argument</u> (Required)

In the "Argument" section of the motion or response, set out the arguments, together with citations to controlling statutes and/or cases which explain why the court should resolve the crucial issue(s) in your client's favor.  Citations to controlling U. S. Supreme Court, Federal Circuit, and 5th Circuit cases (Texas  Supreme Court when state law controls) are most persuasive.  Including a cite to the specific page on which the pronouncement you are relying upon is very helpful.  The court is not likely to read long cases (or numbers of cases in a string citation) searching for the holding which supports your argument.

If there is a key statute, or a  case directly on point, consider binding it into the back of the Court's copy (**not** in the original you electronically file with the clerk) with a tab labeled "Authorities."  This is especially helpful if you are relying upon administrative regulations or  out of state statutes .  Don't include  more than three cases, and don't copy long multi-page  statutes or regulations when only a portion is applicable to the case.  Highlight the key portions of the case, regulation, or statute so the court can quickly focus on your argument.  (While the "Authorities" section  should not be attached to the original electronically filed with the clerk, a copy must be served on opposing counsel.)

App. B, Patent Cases - Contested Motion Practice

## **Proposed Deadlines**

Parties are directed to discuss the proposed deadlines in conjunction with the E.D. Tex. Patent Rules.

| | |
|---|---|
| **5 weeks after Mgmt Conf.** | Join Additional Parties |
| **To be discussed at Mgmt Conft.** | Mediation to be completed<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator. If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator. |
| **7 weeks after Mgmt Conf.** | Privilege Logs to be exchanged by parties<br>(or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **7 weeks after Mgmt Conf.** | To extent not already required to be disclosed, exchange Mandatory Disclosures. |
| _____ | P.R. 3-3 Preliminary Invalidity Contentions (and P.R. 3-4 document production) to be served |
| _____ | Parties to exchange proposed terms and claim elements for construction (P.R. 4-1). |
| _____ | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| **13 weeks after Mgmt Conf.** | Plaintiff's Final Amended Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit).** |
| _____ | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| **16 weeks after Mgmt Conf.** | Respond to Amended Pleadings |
| _____ | Completion date for discovery on claim construction (P.R. 4-4). |

Appendix C - Proposed Deadlines

|                                              | Opening claim construction brief (P.R. 4-5(a)). |
|----------------------------------------------|--|

_____     Responsive claim construction brief (P.R. 4-5(b)).

_____     Reply claim construction brief (P.R. 4-5(c)).

**2 weeks before claim construction hearing**  Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible.

**2 weeks before claim construction hearing**  Submit technology synopsis (both hard copy and disk).

**2 days before claim construction hearing**  Possible tutorial

**March 28, 2007 at 10:00 a.m.**  Claim construction hearing

**3 weeks after claim construction hearing**  Provide Initial Mandatory Disclosures of information directed solely to damages. Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial.

**8 weeks after claim construction hearing**  Plaintiff to Designate Expert Witnesses other than claims construction experts and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B).

_____     Comply with P.R. 3-8. (Designation of Wilfulness Opinions).

| | |
|---|---|
| **10 weeks after claim construction hearing** | Defendant to Designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |
| **11 weeks after claim construction hearing** | Designate Rebuttal Expert Witnesses other than claims construction experts and provide rebuttal expert witness reports due, to include for ALL experts all information set out in Rule 26(2)(B). |
| **13 weeks after claim construction hearing** | File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7. **Responses to motions shall be due in accordance with Local Rule CV-7(e). Note: Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.** |
| **13 weeks after claim construction hearing** | Discovery Deadline. All discovery must be served in time to be completed by this date. |
| **5 weeks before docket call** | Notice of intent to offer certified records |
| **5 weeks before docket call** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| **4 weeks before docket call** | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not |

be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections

**3 weeks before docket call**

Motions in limine due
File Joint Final Pretrial Order. See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form). Exchange Exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies

**2 weeks before docket call**

Response to motions in limine due
File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend the deadline to object to expert witnesses). If numerous objections are filed the court may set a hearing prior to docket call.
File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).

**September 4, 2007**

Docket call and Final Pretrial at 1:30 p.m.
Date parties should be prepared to try case. Provide court with two copies of most updated Exhibit list. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre- Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits.

**September 10, 2007**

9:00 a.m. Jury Selection and Trial

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, )<br><br>Plaintiff, )<br><br>vs. )<br><br>INTEL CORPORATION, )<br><br>Defendant. ) | Civil Action No. 9:06-cv-157 (RHC)<br><br>Jury Trial Demanded |

## AMBERWAVE'S MOTION FOR LEAVE TO FILE
## ITS FIRST AMENDED COMPLAINT

Plaintiff AmberWave Systems Corporation ("AmberWave") hereby moves the Court for leave to file its First Amended Complaint in this matter pursuant to the Federal Rules of Civil Procedure, Rule 15(a). AmberWave seeks to add a count for declaratory judgment that Intel does not have a license to the patent in suit, United States Patent No. 5,158,907 ("the '907 patent"). *See* AmberWave's First Amended Complaint and Jury Demand (attached as Ex. A).

**I.      Factual and Procedural Background**

On July 28, 2006, AmberWave sued Intel Corporation ("Intel" or "Defendant") for infringing AmberWave's '907 patent. On August 21, 2006, Intel answered and alleged a license defense based on an agreement between Intel and Lucent Technologies GRL Corporation. Intel's Answer (docket #20) at 5-6. AmberWave disputes Intel's alleged license defense and seeks to clarify the issues in this lawsuit by amending its complaint to add a claim for declaratory judgment that Intel does not have a license to the '907 patent.

This litigation is still in its early stages. The first Rule 16 scheduling conference is set for October 31, 2006. There is no deadline for amending the pleadings yet in this case.

**II.      AmberWave Should Be Granted Leave to File Its First
          Amended Complaint to Add a Claim for Declaratory
          Judgment that Intel Does Not Have a License to the '907 Patent.**

AmberWave seeks to clarify the issues in this lawsuit by amending its complaint to add a claim for declaratory judgment that Intel does not have a license to the '907 patent.

**A.      Legal Standard**

Federal Rule of Civil Procedure 15 provides that after responsive pleadings have been filed, "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Rule 15(a) "requires the trial court to grant leave to amend 'freely'...." *Lyn-Lea Travel Corp. v. Am. Airlines, v. Harry L. Laws Co., Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). As the Supreme Court teaches, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel*, 283 F.3d at 286. Moreover, because leave to amend should be "freely given," (Fed. R. Civ. P. 15(a)), "[t]he district court must have a 'substantial reason' to deny a request for leave to amend." *Id.* (citation omitted). "[R]efusal to grant leave to amend without a justification such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of University of California*, 363 F.3d 398, 403 (5th Cir. 2004) (quoting *Foman*, 371 U.S. at 182); *see also Texas Instruments v. Hyundai Elecs. Indus.*, 191 F.R.D. 119, 122 (E.D. Tex. 1999) (noting that the Fifth Circuit "follows the mandate of *Foman*" to grant leave to amend freely absent a "'substantial reason'" to deny leave such as "'undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendment'") (quoting *Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir. 1996)).

**B.      There Is No Substantial Reason to Deny
          AmberWave's Motion for Leave to Amend.**

Under a straightforward application of the relevant legal standard, AmberWave should be allowed to amend its complaint to add a count for declaratory judgment that Intel does not have a

license to the '907 patent. None of the "substantial reason[s]" that counsel against amendment under Rule 15 – undue delay, bad faith, dilatory motive, prejudice and futility – are present here. *Rolf v. City of San Antonio*, 77 F.3d 823, 828-29 (5th Cir. 1996)). Where, as here, there exists no "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 874 (5th Cir. 1991).

### 1. AmberWave Has Not Delayed Filing This Motion.

AmberWave's motion for leave to amend is timely. AmberWave filed its motion 10 days after Intel interposed in its answer an affirmative defense that it is licensed under the '907 patent. This case is still in the preliminary stages: the first scheduling conference is scheduled for October 31, 2006 – two months from the date that this motion was filed, and there is no current deadline for amending the pleadings. AmberWave's motion is timely. *See Garcia v. Columbia Med. Ctr.*, 996 F. Supp. 605, 609 (E.D. Tex. 1998) ("Because Plaintiffs served Defendants with a copy of Plaintiffs' motion [to amend] on [the last day for filing motions for leave to amend], the court finds that the motion was not the result of undue delay."). Accordingly, Defendants can show no "undue delay" by AmberWave in filing this motion for leave to amend.

### 2. Defendant Is Not Prejudiced By The Amendment.

As noted above, the proposed amendment will clarify the issues in the lawsuit. Discovery has not yet begun, so both parties should have ample opportunity to develop this issue. In addition, Intel is already raising this alleged license as a defense, so adding a declaratory judgment claim to AmberWave's complaint should require no substantial additional discovery nor should it delay or alter the nature of this litigation in any material manner. Defendant cannot complain of prejudice arising from the formal addition of a claim for declaratory judgment on an issue that Defendant itself has raised. The amendment in no way inhibits Intel's ability to defend the suit—there is no prejudice. *See Henderson v. U.S. Fidelity and Guaranty Co.*, 620 F.2d 530, 534 (5th Cir. 1980).

### 3. All Factors Weigh in Favor of Granting Leave to Amend

In addition to the lack of undue delay and prejudice, there is a complete absence of any other "substantial reason" for denying leave to amend. *Lyn-Lea Travel*, 283 F.3d at 286. For example, there are no facts here indicating anything remotely like "repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l. Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). The lack of any substantial reason of any sort for denying leave compels a finding that AmberWave should be allowed to amend its complaint to add a claim for declaratory judgment that Intel does not have a license to the '907 patent. *See Farias*, 925 F.2d at 874 ("'Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (quoting *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)).

### III. Conclusion

All factors weigh in favor of granting leave to amend the complaint. AmberWave has moved to amend its complaint before the deadline for amending the pleadings has even been set, and Intel is not prejudiced by the addition of a declaratory judgment claim on an issue it has raised. There are no reasons to deny leave to amend. Accordingly, this Court should grant AmberWave leave to file its First Amended Complaint, which is attached hereto as Exhibit A.

Dated: September 1, 2006

Respectfully Submitted,

_/s/ Alexander C.D. Giza_
Alexander C.D. Giza

Morgan Chu (*Pro hac vice*)
David Gindler (*Pro hac vice*)
Samuel K. Lu (*Pro hac vice*)
Alexander C.D. Giza (*Pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, #900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
E-mail: slu@irell.com

Clayton Edward Dark, Jr., Esq. (TX #05384500)
*Attorney-in-Charge*
P.O. Box 2207
207 East Frank
Lutkin, TX 75902-2207
Phone: (936) 637-1733
Facsimile: (936) 637-2897
E-mail: clay.dark@yahoo.com

J. Thad Heartfield, Esq. (TX #09347000)
The Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, TX 77706-2534
Phone (409) 866-3318 Ext. 1
E-mail: thad@jth-law.com

ATTORNEYS FOR PLAINTIFF
AmberWave Systems Corporation

## CERTIFICATE OF CONFERENCE

I certify that counsel for AmberWave has conferred with counsel for Intel. Intel was contacted, and Intel stated that it was unable to determine whether it will oppose this motion. On this basis, the Court should find that this motion is opposed.

_/s/ Alexander C.D. Giza_
Alexander C.D. Giza

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 1, 2006. Any other counsel of record will be served by facsimile transmission and first class mail.

_/s/ Alexander C.D. Giza_
Alexander C.D. Giza

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 9:06-cv-157 (RHC) |
| vs. | § § § | JURY TRIAL DEMANDED |
| INTEL CORPORATION | § § | |
| Defendant. | § § § | |

## AMBERWAVE'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff AmberWave Systems Corporation ("AmberWave"), for its complaint against Defendant Intel Corporation ("Intel"), alleges as follows:

### INTRODUCTION

1.     AmberWave is a small technology and engineering firm founded by a Massachusetts Institute of Technology ("MIT") professor—Eugene Fitzgerald—and his former students.  AmberWave develops innovative technology for the production of semiconductor devices.  For years, Intel has been improving the performance of its semiconductor devices by shrinking the size of their fundamental components.  Intel now finds itself unable to continue its historical pace of performance enhancement using its own technological developments.  In order to defend its market position against inroads by competitors, Intel is using the inventions of Eugene Fitzgerald to enable the production of faster and more efficient semiconductor devices— all without obtaining a license from AmberWave.  This action seeks redress for Intel's infringing activities.

## THE PATENT IN SUIT

2.      U.S. Patent No. 5,158,907 (the "'907 patent"), entitled "Method for Making Semiconductor Devices with Low Dislocation Effects," was duly and legally issued on October 27, 1992. The sole named inventor on the '907 patent is Eugene Fitzgerald. The '907 patent represents the fruits of some of Dr. Fitzgerald's research while he was working at AT&T Bell Laboratories, before he began teaching at MIT. AmberWave is the assignee of all right, title, and interest the '907 patent. A true and correct copy of the '907 patent is attached as Exhibit A.

## PARTIES AND JURISDICTION

3.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*

4.      AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

5.      AmberWave is informed and believes, and thereon alleges, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California.

6.      AmberWave is informed and believes, and thereon alleges, that Intel has done and continues to do business in this District. AmberWave is informed and believes, and thereon alleges, that Intel has harmed and continues to harm AmberWave in this District. AmberWave is informed and believes, and thereon alleges, that Intel products have been sold in this District. AmberWave is informed and believes, and thereon alleges, that these products include Intel's dual-core devices. AmberWave is informed and believes, and thereon alleges, that Intel maintains a website accessible to the residents of this District. AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to submit information to Intel, and to download information from the website. AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to locate companies who will sell Intel products to users in this District, including dual-core devices.

7.      AmberWave is informed and believes, and thereon alleges, that Intel has voluntarily availed itself of the courts in this District. AmberWave is informed and believes, and

thereon alleges, that Intel has filed complaints in this District as both a plaintiff and as an intervenor. AmberWave is informed and believes, and thereon alleges, that Intel has appeared as a defendant and a counterclaim plaintiff in this District, without contesting that venue is proper in the District.

8. AmberWave is informed and believes, and thereon alleges, that Intel has sought and received authorization to do business in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has a registered agent in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel maintains multiple business offices in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has at least approximately 600 employees in the State of Texas.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## RELATED ACTIONS

10. On May 17, 2005, Intel filed a declaratory judgment for non-infringement of AmberWave's U.S. Patent No. 6,831,292 in the District of Delaware (the "Delaware I Action").[1] On July 15, 2005, AmberWave filed an action against Intel in the Eastern District of Texas alleging infringement of AmberWave's U.S. Patent No. 6,881,632 (the "'632 Action").[2] On September 20, 2005, AmberWave filed a separate action in the Eastern District of Texas alleging that Intel infringed AmberWave's U.S. Patent No. 6,946,371 (the "'371 Action").[3] On November 1, 2005, Judge Davis transferred the '632 Action to Delaware because, among other reasons, the issues in the '632 Action were "closely related" to the issues in the Delaware I Action. At Intel's insistence, the parties stipulated to the consolidation of AmberWave's infringement claims on the three patents (including the '371 Action) in the Delaware I Action.

---

[1] *Intel Corp. v. AmberWave Systems Corp.*, 05-301-KAJ

[2] *AmberWave Systems Corp. v. Intel Corp.*, 2-05cv-321-LED

[3] *AmberWave Systems Corp. v. Intel Corp.*, 2-05cv-449-TJW

11.     Upon obtaining the right to assert the '907 patent against Intel, AmberWave sought leave to amend its complaint in the consolidated Delaware I Action to add the '907 patent.  Intel informed AmberWave that it opposed adding the '907 patent to the Delaware I Action, among other reasons, because AmberWave allegedly unduly delayed in seeking to add the '907 patent, because adding the '907 patent to the Delaware I Action prejudiced Intel, and because the '907 patent, according to Intel, "is almost completely unrelated to the patents in suit" in the consolidated Delaware I Action.

12.     On July 8, AmberWave asked Intel whether it would assent to a motion to amend in the consolidated Delaware I Action to add an additional patent when it issued—U.S. Patent No. 7,074,655 (the "'655 patent").  While purporting to meet and confer with AmberWave on the subject, Intel filed a separate declaratory judgment (the "Delaware II Action") on the '655 patent on the day that it issued—July 11.[4]  This confirmed that Intel no longer believes that all patent litigation between the parties should occur in the consolidated Delaware I Action.

## CLAIM FOR RELIEF

## COUNT I

## (Patent Infringement by Intel)

13.     AmberWave incorporates by reference paragraphs 1 through 12 as if set forth here in full.

14.     AmberWave is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271, Intel has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of, the '907 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license, certain semiconductor devices, including at least dual-core devices.

15.     AmberWave is informed and believes, and thereon alleges, that Intel's infringement of the '907 patent has been and continues to be willful.

---

[4] *Intel Corp. v. AmberWave Systems Corp.*, 06-429.

16.     Unless enjoined, Intel will continue to infringe the '907 patent, and AmberWave will suffer irreparable injury as a direct and proximate result of Intel's conduct.

17.     AmberWave has been damaged by Intel's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## COUNT II

### (Declaratory Judgment That Intel Does Not Have a License to the '907 Patent)

18.     AmberWave incorporates by reference paragraphs 1 through 17 as if set forth here in full.

19.     Based on Intel's allegation of a license to the '907 patent arising from an agreement with Lucent Technologies GRL Corporation, an actual, present and justiciable controversy has arisen between Intel and AmberWave concerning whether Intel has or does not have a license to the '907 patent covering the accused products.

20.     A judicial declaration that Intel does not have a license to the '907 patent is necessary and appropriate at this time so that AmberWave can ascertain its rights with respect to Intel's practice of the '907 patent.

### PRAYER FOR RELIEF

WHEREFORE, AmberWave prays for relief as follows:

A.     For a determination that the '907 patent is valid and enforceable;

B.     For a determination that Intel does not have a license to the '907 patent;

C.     For a determination that Intel has infringed and is infringing the '907 patent, and that Intel's infringement is willful;

D.     For an order preliminarily and permanently enjoining Intel, and its directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of the foregoing from acts of infringement of the '907 patent;

E.     For damages resulting from infringement of the '907 patent in an amount to be determined at trial, and the trebling of such damages due to the willful nature of their infringement;

F.    For an award of interest on damages;

G.    For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

H.    For an award of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AmberWave hereby demands a trial by jury on any issue triable of right by a jury.


Dated:  September 1, 2006                     Respectfully submitted,

                                              ___/s/ Alexander C.D. Giza___
                                              Alexander C.D. Giza

                                              Morgan Chu (*Pro Hac Vice*)
                                              David I. Gindler (*Pro Hac Vice*)
                                              Samuel K. Lu (*Pro Hac Vice*)
                                              Alexander C.D. Giza (*Pro Hac Vice*)
                                              IRELL & MANELLA LLP
                                              1800 Avenue of the Stars, Suite 900
                                              Los Angeles, California 90067-4276
                                              Phone: (310) 277-1010
                                              Facsimile: (310) 203-7199
                                              E-mail: dgindler@irell.com

                                              Clayton Edward Dark, Jr., Esq.  (TX #05384500)
                                              *Attorney-in-Charge*
                                              P.O. Box 2207
                                              207 East Frank
                                              Suite 100
                                              Lufkin, TX 75902-2207
                                              Phone: (936) 637-1733
                                              Facsimile: (936) 637-2897
                                              E-mail: clay.dark@yahoo.com

                                              J. Thad Heartfield, Esq. (TX #09347000)
                                              The Law Offices J. Thad Heartfield
                                              2195 Dowlen Rd
                                              Beaumont, TX 77706-2534
                                              Phone: (409) 866-3318 ext. 1
                                              Email: thad@jth-law.com

                                              ATTORNEYS FOR PLAINTIFF
                                              AmberWave Systems Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

AMBERWAVE SYSTEMS CORPORATION, )
                                 )
              Plaintiff,          )
                                 )
       vs.                        )        Civil Action No. 9:06-cv-157 (RHC)
                                 )
INTEL CORPORATION,                )        **[PROPOSED] ORDER GRANTING
                                 )        LEAVE TO FILE FIRST AMENDED
              Defendant.          )        COMPLAINT**
                                 )
_____)


Pursuant to the Federal Rules of Civil Procedure, Rule 15(a), the Court grants Plaintiff

AmberWave Systems Corporation leave to file its First Amended Complaint.

IT IS SO ORDERED.

**Revised:**
**12/3/03**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # <u>9:06-CV-00157 (RHC)</u>

Style: <u>AmberWave Systems Corporation v. Intel Corporation</u>

2. Applicant is representing the following party/ies: <u>Intel Corporation</u>

3. Applicant was admitted to practice in <u>California</u> (state) on <u>12/1/99</u> (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: <u>Northern, Southern and Central Districts of CA; 2nd, 3rd, 5th, 9th and Federal Courts of Appeals; Eastern and Southern Districts of NY; District of New Jersey; Western District of Texas and U.S. Supreme Court.</u>

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, <u>George M. Newcombe</u> do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date <u>August 30, 2006</u>          Signature _____

George M. Newcombe

Name (please print) George M. Newcombe

State Bar Number 202898

Firm Name:      Simpson Thacher & Bartlett LLP

Address/P.O. Box 2550 Hanover Street

City/State/Zip: Palo Alto, California 94304

Telephone #:  650-251-5000

Fax #:  650-251-5002

E-mail Address: gnewcombe@stblaw.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above.  This application has been approved for the court this 5th day of  Sept , 20 06 .

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By        _____

Deputy Clerk

**Appendix K**

U.S. DISTRICT COURT

AUG 31

_____, CLERK

**Revised:**
**12/3/03**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**
**APPLICATION TO APPEAR PRO HAC VICE**

1. This application is being made for the following: Case # 9:06-CV-00157 (RHC)

Style: AmberWave Systems Corporation v. Intel Corporation

2. Applicant is representing the following party/ies: Intel Corporation

3. Applicant was admitted to practice in California (state) on January 28, 2002 (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: California Supreme Court, U.S. District Court, Northern District of California; U.S. District Court, Central District of California.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Christopher K. Ridder do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date  August 28, 2006          Signature _____

Christopher K. Ridder

Name (please print) <u>Christopher K. Ridder</u>
State Bar Number <u>218691</u>
Firm Name:   <u>Simpson Thacher & Bartlett LLP</u>
        Address/P.O. Box <u>2550 Hanover Street</u>
City/State/Zip: <u>Palo Alto, California 94304</u>
Telephone #:  <u>650-251-5000</u>
Fax #:  <u>650-251-5002</u>
E-mail Address: <u>cridder@stblaw.com</u>

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 5 day of _____ Sept _____, 20 0 6.

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By        _____
Deputy Clerk

**Appendix K**

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 3 1 2006

DAVID J. MALAND, CLERK
BY _____

**Revised:**
**12/3/03**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
#### LUFKIN DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # 9:06-CV-00157 (RHC)

Style: AmberWave Systems Corporation v. Intel Corporation

2. Applicant is representing the following party/ies: Intel Corporation

3. Applicant was admitted to practice in California (state) on 12/20/00 (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: Northern, Southern, Central and Eastern Districts of CA; 9th Circuit Court of Appeals and Southern District of New York.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Patrick E. King do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date August 29, 2006          Signature _____

Patrick E. King

Name (please print) Patrick E. King

State Bar Number 211975

Firm Name:     Simpson Thacher & Bartlett LLP

Address/P.O. Box 2550 Hanover Street

City/State/Zip: Palo Alto, California 94304

Telephone #:  650-251-5000

Fax #:  650-251-5002

E-mail Address: pking@stblaw.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above.  This application has been approved for the court this 5th day of _____Sept_____, 20 0 6.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By      _____

Deputy Clerk

**Appendix K**

Revised:
12/3/03

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # 9:06-CV-00157 (RHC)

Style: AmberWave Systems Corporation v. Intel Corporation

2. Applicant is representing the following party/ies: Intel Corporation

3. Applicant was admitted to practice in California (state) on 06/04/01 (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: Northern, Southern and Central Districts of CA; 2nd, 9th and Federal Courts of Appeals; Eastern and Southern Districts of NY; U.S. Supreme Court.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Jeffrey E. Ostrow do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date  August 28, 2006                    Signature _____

                                                     Jeffrey E. Ostrow

Name (please print) <u>Jeffrey E. Ostrow</u>

State Bar Number <u>213118</u>

Firm Name:   <u>Simpson Thacher & Bartlett LLP</u>

Address/P.O. Box <u>2550 Hanover Street</u>

City/State/Zip: <u>Palo Alto, California 94304</u>

Telephone #:  <u>650-251-5000</u>

Fax #:  <u>650-251-5002</u>

E-mail Address: <u>jostrow@stblaw.com</u>

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 5th day of _____, 2006.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By   _____

Deputy Clerk

REC. DISTRICT COURT

AUG 31 2006

MAILAND, CLERK

**Revised:**
**12/3/03**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION
# APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # <u>9:06-CV-00157 (RHC)</u>

Style: <u>AmberWave Systems Corporation v. Intel Corporation</u>

2. Applicant is representing the following party/ies: <u>Intel Corporation</u>

3. Applicant was admitted to practice in <u>New York</u> (state) on <u>6/22/83</u> (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: <u>United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeal for the Federal, First and Second Circuits, and the Supreme Court of the United States.</u>

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, <u>Kerry L. Konrad</u> do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date <u>August 21, 2006</u>          Signature  _Kerry L Konrad_

Kerry L. Konrad

Name (please print) Kerry L. Konrad

State Bar Number 1873272

Firm Name:    Simpson Thacher & Bartlett LLP

        Address/P.O. Box 425 Lexington Avenue

City/State/Zip: New York, NY 10017

Telephone #: 212-455-2000

Fax #: 212-455-2502

E-mail Address: kkonrad@stblaw.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above.  This application has been approved for the court this 5th day of _____ Sept _____, 200 6.

      David J. Maland, Clerk

      U.S. District Court, Eastern District of Texas

By       _____

      Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **AMBERWAVE SYSTEMS** | ) | |
| **CORPORATION,** | ) | |
| | ) | **CIVIL ACTION NO. 9-06CV-157** |
| *Plaintiff,* | ) | |
| | ) | **JUDGE CLARK** |
| **v.** | ) | |
| | ) | **JURY** |
| **INTEL CORPORATION,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**INTEL CORPORATION'S UNOPPOSED MOTION FOR LEAVE**
**TO EXCEED PAGE LIMITS FOR ITS REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO TRANSFER**

Defendant INTEL CORPORATION ("Intel"), with the agreement of Plaintiff, respectfully submits this Unopposed Motion for Leave to Exceed Page Limits for its Reply Brief, to be filed in support of its Motion to Transfer, and would show in support:

1.     Local Rule CV-7(a)(2) sets a limit of "five pages, including attachments" for a reply brief of this kind.

2.     In order to fully address the issues in this patent litigation, Defendant respectfully seeks to exceed the page limit by four (4) additional pages.

3.     Plaintiff AmberWave Systems Corporation does not oppose this Motion.

4.     Therefore Defendant respectfully requests that this Court grant it leave to exceed the page limit by four (4) pages, and to file its Reply Brief in Support of its Motion to Transfer. One copy of the proposed Reply Brief is attached hereto as Exhibit "A."

WHEREFORE, Defendant respectfully requests that this Court grant it leave to file its Reply Brief in Support of Intel's Motion to Transfer.

Dated: September 11, 2006                    Respectfully submitted,

                                             By:   /s/ John F. Bufe
                                                   MICHAEL E. JONES, Lead Attorney
                                                   State Bar No. 10929400
                                                   JOHN F. BUFE
                                                   State Bar No. 03316930
                                                   POTTER MINTON
                                                   A Professional Corporation
                                                   110 N. College, Suite 500 (75702)
                                                   P.O. Box 359
                                                   Tyler, Texas 75710
                                                   903.597.8311
                                                   903.593.0846 (Facsimile)
                                                   mikejones@potterminton.com
                                                   johnbufe@potterminton.com

                                                   **ATTORNEYS FOR DEFENDANT
                                                   INTEL CORPORATION**

**Of Counsel:**

George M. Newcombe (CA Bar No.
202898)
SIMPSON THACHER & BARTLETT
LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that counsel for INTEL CORPORATION, has conferred with counsel for AMBERWAVE SYSTEMS CORPORATION. Amberwave does not oppose the Motion.

*/s/ John F. Bufe*
John F. Bufe

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 11, 2006. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ John F. Bufe*
John F. Bufe

INTEL CORPORATION'S UNOPPOSED MOTION FOR LEAVE
TO EXCEED PAGE LIMITS FOR ITS REPLY BRIEF IN SUPPORT OF ITS
MOTION TO TRANSFER
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0311529.1 }

Page 3 of 3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) | |
| | ) | CIVIL ACTION NO. 9-06CV-157 |
| *Plaintiff,* | ) ) | JUDGE CLARK |
| v. | ) ) | JURY |
| INTEL CORPORATION, | ) ) | |
| *Defendant.* | ) | |

**REPLY IN SUPPORT OF INTEL'S MOTION TO TRANSFER**

**I.  AmberWave Concedes It Would Be Most Efficient To Litigate This Case In Delaware**

AmberWave admits that the '907 patent "involves the same area of technology as the '292, '371 and '632 patents" and that "the parties and the Court would benefit from the efficient resolution of all infringement and damages issues relating to Intel's accused products in one forum . . . ."  Opp. at 9.  As a matter of law – and as Judge Davis recognized when presented with the same set of facts – that forum is Delaware, the first-filed forum.  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise"), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).  AmberWave's argument that this Court should nevertheless ignore both controlling Federal Circuit authority and the lessons of Judge Davis' ruling hinges on a wholly irrelevant issue of case management: whether the '907 Action should be tried along with the Consolidated Delaware Action "in a single proceeding." Opp. at 9. However, that *case management issue* is solely within the discretion of the court in Delaware to decide post-

transfer.[1]  It is legally irrelevant to the question of whether this Court should transfer this action to the first-filed court in Delaware so that *Judge Jordan* can decide how this case should be managed.  *See Mann*, 439 F.2d at 408; *Sutter*, 125 F.3d at 920.  Unsurprisingly, AmberWave cites absolutely no authority for the proposition that transfer depends on whether the transferred case will be tried "in a single proceeding."   No such authority exits.

AmberWave also misstates Intel's position on the management of the consolidated actions.  Although when AmberWave moved to add the '907 patent to the Consolidated Delaware Action, Intel did not believe that the '907 patent claims could be tried in the Consolidated Delaware Action *under the then-current schedule*, Intel made it very clear at the recent hearing before Judge Jordan that it would be completely within his discretion to consolidate the '907 with the Consolidated Delaware Action now that the schedule has – *at AmberWave's request* – been extended:

> "We [Intel] never said [the '907 Action] shouldn't be filed in Delaware and managed and if, at some point down the road, Your Honor felt, in the efficiency of justice, they should be tried together or coordinated in some fashion, you could do it."

Wells Decl., Ex. 32 at 6:12-16.  It is for Judge Jordan in the *first-filed court* to determine how the '907 patent claims should proceed post-transfer and how the related litigations are to be managed most efficiently.  *Sutter*, 125 F.3d at 920.

---

[1]  *See, e.g., Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("Once the likelihood of substantial overlap…had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed."); *Sutter Corp. v. P &P Indus.*, 125 F.3d 914, 920 (5th Cir. 1997) (holding that it is for the court in the first-filed action to determine "whether the second suit filed must be dismissed, stayed or transferred and consolidated.").

## II.    AmberWave Concedes There Is Substantial Overlap of Issues

AmberWave makes no attempt to deny its judicial admissions filed in the Delaware court, which establish overwhelmingly that the issues in the '907 Action and the first-filed actions in Delaware overlap substantially.  Mot. at 9-10.  Instead, AmberWave now focuses on four points that it claims make the cases different.  Opp. at 10-11.  They don't.  AmberWave's first point – which turns on the nature of the accused products – in fact completely undermines its position.  AmberWave concedes that *every one* of the dual core devices that is accused of infringing in the '907 Action is also accused of infringing the '292, '632 and '371 patents.  Opp. at 10.  Thus, the damages issues in both forums will overlap almost entirely.  Indeed, even the specific part of the device that is accused is *exactly the same* in both the '371 and '907 actions.[2]  Furthermore, the problem purportedly solved in the '907 patent is *exactly the same problem* that is addressed by the '632 patent.[3]

The second point – that prior art may be different – is true but irrelevant.   Whenever there are different patent claims involved, even in the same patent, the prior art will differ.  That is why the *Mann* court applied the first-to-file rule despite the fact that, in that case, the prior art "completely differ[ed], raising a prima facie possibility that the issue of validity over the prior art may turn on different facts…."  *Mann*, 439 F.2d at 407 n.3.  Moreover, here, the technology involved in the '907 patent is closely related to the technology involved in the '371 patent:  both

---

[2]     Intel's raised Silicon-Germanium source/drains are the part of the transistor accused of infringing both the '371 and the '907 patents.

[3]      Both the '907 and the '632 patents address the problem of eliminating threading dislocations on the surface where devices will be built.  *Compare* Wells Decl., Ex. 3 (attaching '907 patent, entitled "Method for Making Semiconductor Devices with *Low Dislocation Defects*") (emphasis added); *with* Wells Decl., Ex. 43 at col. 2, l. 47-49 (attaching '632 patent, whose specifications state, "the graded buffer *minimizes the number of dislocations reaching the surface*") (emphasis added).

involve the epitaxial growth of crystals of semiconductor material. Indeed, AmberWave concedes that the '907 patent involves "the same area of technology" as *all three* of the patents in the Consolidated Delaware Litigation. Opp. at 9. [4]

AmberWave's third supposed point of distinction – damages – is similarly unavailing. As discussed above, the damages analysis for the '907 patent overlaps almost completely with that for the '292, '371 and '632. Furthermore, because the Lucent/Agere license is a very broad cross-license of technology, its relevance to damages (as evidence of a royalty paid for this type of technology) would apply to *all* of the patents in suit in Delaware, not just the '907 patent. Presumably, that is why AmberWave obtained discovery of that License from Agere by issuing a subpoena in the Consolidated Delaware Action. Mot. at 5. In any event, that license is only one factor in the *fifteen*-factor test involved in the *Georgia Pacific* analysis. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). [5]

AmberWave's final point – that some evidence may be in the hands of Lucent and Agere – is irrelevant. If it had any relevance, it would argue for a transfer to Delaware, which is much closer to the headquarters of both Agere (located in Pennsylvania) and Lucent (located in New Jersey). In any event, as set out above, AmberWave has *already* invoked the subpoena powers of the Delaware Court to obtain significant discovery from Agere relating to the very claims it has asserted in this case. Mot. at 5.

---

[4]    There is also substantial overlap regarding the '655 patent, which focuses on one portion of the transistor – the gate. Conspicuously, AmberWave hedges its statement of the products accused in the '655 action with the words "at this time." Opp. at 11. The reason is that AmberWave is seeking discovery of those *same products* in connection with its claims under the '292, '371 and '632 patents, which only further serves to underscore why all of these claims should be managed by the same court.

[5]    AmberWave's argument regarding the arbitrability of the license defense is irrelevant. Moreover, although Intel preserved its arbitration rights in its answer, Intel has not demanded arbitration of AmberWave.

---

Finally, AmberWave ignores the well-established principle that, for the first-file rule to require transfer, the issues involved in the cases need not be identical.  *See Mann,* 439 F.2d at 408 n.6; *see also, e.g., Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The rule does not, however, require that cases be identical."); *California Security Co-op, Inc. v. Multimedia Cablevision*, Inc., 897 F. Supp. 316, 318 (E.D. Tex. 1995) (finding substantial overlap despite fact that cases involved distinct causes of action and different parties).  Thus, the presence of an additional license defense in this case does not alter the substantial overlap that AmberWave itself has judicially admitted, and which motivated Judges Davis and Jordan to issue rulings that resulted in the transfer of the '632 and '371 actions from the Eastern District of Texas to Delaware.[6]  AmberWave cites no authority to the contrary.  Indeed, the only authority it cites in its "overlap" discussion is unpublished cases from foreign jurisdictions *that do not even consider the first-to-file rule*.  Opp. at 12 n.7, and 13.[7]

---

[6]      Although AmberWave emphasizes that Intel cited no Federal Circuit decision which applied the first-to-file rule to cases involving different patents, Opp. at 8, the *Mann* court did just that. Moreover, there is no reason to believe that the Federal Circuit, which was established after *Mann,* would have reached a different result than the Fifth Circuit.  *See Exxon Chem. Patents Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1271 (Fed. Cir. 1991) (Newman, J., concurring) (citing *Mann* with approval for proposition that duplicative litigation is disfavored).  AmberWave makes no effort to distinguish *Mann.*

[7]      *See SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2000 WL 15074, at *1 (E.D. Pa. Jan 4, 2000) (considering transfer motion brought pursuant to 28 U.S.C. § 1404(a)); *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. 02-1541, 2003 U.S. Dist. LEXIS 409, at *1-2 (D. Del. Jan. 13, 2003) (same).  Likewise, the sole authority AmberWave cites for the assertion that "it is Intel's burden to establish that transfer should occur," *Cummins-Allison Corp. v. Glory Ltd.*, No. 2-03-CV-358TJ, 2004 WL 1635534 at * 4 (E.D. Tex. May 26, 2004) holds only that such a burden exists under 28 U.S.C. § 1404(a), not the first-to-file rule.  Opp. at 9.

## III.        AmberWave Will Not Be Prejudiced By a Transfer

AmberWave admits that Judge Jordan was correct in describing this action as the product of its "forum shopping in a big way."  Opp. at 14.  AmberWave now offers the after-the-fact justification that it filed suit here, rather than in Delaware, because it needed to obtain a "prompt adjudication" of its rights.  Opp. at 13.  It also claims it would be "prejudiced" by being forced to litigate in Delaware because the '907 patent expires in about four years.  Opp. at 13.  As Judge Jordan recognized, these justifications "ring hollow":

> "I do find it ironic that AmberWave says that it really needs to be in Texas to get a prompt trial when I have just approved a stipulation which bumps back your trial here not for the first time and moves you back more than a year after the trial date that I had initially given you. So that rings a little hollow to me."

Wells Decl., Ex. 32 at 9:7-15.  AmberWave does not attempt to explain the sudden urgency to bring its '907 patent claims to trial when, as it acknowledges in its Opposition, Opp. at 3, it received rights in the '907 Patent in April 2003 and sat on those rights for **more than three years** before suing Intel in June 2006.[8]  Opp. at 5.  Moreover, AmberWave offers no colorable explanation of how it would be prejudiced by litigating the '907 patent in Delaware.  Nor could it:  Both of the actions before Judge Jordan are scheduled to go to trial *years* before the '907 patent expires.[9]

---

[8]        AmberWave's allegation that Intel is attempting to purposefully delay the Delaware litigation in order to prejudice AmberWave, Opp. at 13, is not supported by the facts.  The recent 6-month extension to the Consolidated Delaware Action, agreed to by both parties, was requested by AmberWave.  Wells Decl. Ex. 24.  On the contrary, it is AmberWave who is playing games here by requesting a delay in the Delaware action, which would have gone to trial before this action, so that this case – the last one filed between the parties – takes precedence over three earlier filed actions.

[9]        Even if the '907 Patent were to expire before completion of the Delaware litigation, the subsequent expiration of the patent has no impact on the amount of past damages AmberWave may obtain.  *See Technitrol, Inc. v. Memorex Corp.*, 376 F. Supp. 828, 835 (N.D. Ill. 1974).

AmberWave argues – again without the benefit of any legal support – that the Motion should be denied because Intel filed a declaratory judgment action on the '655 Patent after AmberWave informed Intel that it intended to sue Intel on that patent.  This argument is misplaced.  The fact that a first-filed action is a declaratory action does not preclude transfer, as Judge Davis recognized in transferring the '632 Action to Delaware.  Mot. at 3; s*ee also Genentech*, 998 F.2d at 938 (holding that the "considerations affecting transfer …do not change simply because the first-filed action is a declaratory action").  Moreover, the fact that a lawsuit is "anticipatory" does not justify disregarding the first-to-file rule.  *See, e.g., Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (reversing district court because fact that declaratory suit "was designed to anticipate a later-filed complaint in another forum" did not justify disregarding rule).  In any event, AmberWave's "anticipatory" argument completely ignores the fact that the Consolidated Delaware Action was filed long before the '655 Action, and thus could not be anticipatory in any way.

AmberWave's argument also completely ignores the fact that Intel was entirely justified in filing a declaratory judgment action on the '655 Patent in light of AmberWave's threat to bring suit; doing so was in no way "sharp practice."  As Intel explained to AmberWave when it commenced the '655 Action, it filed the action in Delaware – the same jurisdiction in which AmberWave had threaten to sue Intel – and designated it as a related case to ensure that Judge Jordan could manage the case along with the other cases before him.  *See Genentech*, 998 F.2d at 938 (finding that declaratory suit was not improperly anticipatory because it was filed in forum where related litigation was pending and thus was not the product of forum shopping).  Given the schedule in the Consolidated Delaware Action at that time (with expert reports due in 3 months),

---

(allowing patent infringement action to proceed despite fact that patent had expired two years prior to commencement of litigation).

Intel believed that the '655 Action should not be consolidated for trial with the Consolidated Delaware Action. AmberWave apparently now agrees. Despite having subsequently asked for and received a six month extension on the schedule in the Consolidated Delaware Action, AmberWave has not moved to consolidate the '655 Action with the Consolidated Delaware Action.

Finally, AmberWave's argument about Judge Jordan's nomination to the Third Circuit is not relevant. Even if Judge Jordan is elevated, this case will proceed in Delaware under the auspices of the Magistrate Judge, who is deeply familiar with the issues, until a replacement is appointed to succeed Judge Jordan.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Intel's Motion to Transfer, Intel respectfully submits that the Court should grant Intel's motion to transfer this case to the United States District Court for the District of Delaware.

Dated: September 11, 2006

Respectfully submitted,

By:    /s/ John F. Bufe
        MICHAEL E. JONES, Lead Attorney
        State Bar No. 10929400
        JOHN F. BUFE
        State Bar No. 03316930
        POTTER MINTON
        A Professional Corporation
        110 N. College, Suite 500 (75702)
        P.O. Box 359
        Tyler, Texas 75710
        903.597.8311
        903.593.0846 (Facsimile)
        mikejones@potterminton.com
        johnbufe@potterminton.com

        **ATTORNEYS FOR DEFENDANT**
        **INTEL CORPORATION**

**Of Counsel:**

George M. Newcombe
(CA Bar No. 202898)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

**ATTORNEYS FOR DEFENDANT**
**INTEL CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 11, 2006. Any other counsel of record will be served by first class mail.

                            /s/ John F. Bufe
                            John F. Bufe

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **AMBERWAVE SYSTEMS** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **CIVIL ACTION NO. 9-06CV-157** |
| **v.** | ) | |
| | ) | |
| **INTEL CORPORATION,** | ) | |
| | ) | |
| *Defendant.* | ) | |

CAME ON TO BE HEARD this day DEFENDANT INTEL CORPORATION'S Unopposed Motion for Leave to Exceed Page Limits for Its Reply in Support of Its Motion to Transfer, and the Court, upon consideration of said Motion and the entire record in this cause, it is hereby ORDERED that Defendant's Unopposed Motion For Leave to Exceed Page Limits is hereby GRANTED.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| **AMBERWAVE SYSTEMS CORPORATION,** ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | **CIVIL ACTION NO. 9-06CV-157** |
| ) | |
| **v.** ) | |
| ) | |
| **INTEL CORPORATION,** ) | |
| ) | |
| *Defendant.* ) | |

CAME ON TO BE CONSIDERED this day DEFENDANT INTEL CORPORATION'S Unopposed Motion for Leave to Exceed Page Limits for Its Reply in Support of Its Motion to Transfer, and the Court, upon consideration of said Motion and the entire record in this cause, it is hereby ORDERED that Defendant's Unopposed Motion For Leave to Exceed Page Limits is hereby GRANTED.

So **ORDERED** and **SIGNED** this **12** day of **September, 2006.**

_____
Ron Clark, United States District Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 9-06CV-157 |
| v. | ) ) ) | JUDGE CLARK |
| INTEL CORPORATION, | ) ) | JURY |
| Defendant. | ) ) | |

**REPLY IN SUPPORT OF INTEL'S MOTION TO TRANSFER**

I.     **AmberWave Concedes It Would Be Most Efficient To Litigate This Case In
       Delaware**

AmberWave admits that the '907 patent "involves the same area of technology as the

'292, '371 and '632 patents" and that "the parties and the Court would benefit from the efficient

resolution of all infringement and damages issues relating to Intel's accused products in one

forum . . . ." Opp. at 9.  As a matter of law – and as Judge Davis recognized when presented

with the same set of facts – that forum is Delaware, the first-filed forum.  *Genentech, Inc. v. Eli*

*Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("the forum of the first-filed case is favored,

unless considerations of judicial and litigant economy, and the just and effective disposition of

disputes, require otherwise"), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S.

277, 289 (1995).  AmberWave's argument that this Court should nevertheless ignore both

controlling Federal Circuit authority and the lessons of Judge Davis' ruling hinges on a wholly

irrelevant issue of case management: whether the '907 Action should be tried along with the

Consolidated Delaware Action "in a single proceeding." Opp. at 9. However, that *case*

*management issue* is solely within the discretion of the court in Delaware to decide post-

transfer.[1]  It is legally irrelevant to the question of whether this Court should transfer this action

to the first-filed court in Delaware so that *Judge Jordan* can decide how this case should be

managed.  *See Mann*, 439 F.2d at 408; *Sutter*, 125 F.3d at 920.  Unsurprisingly, AmberWave

cites absolutely no authority for the proposition that transfer depends on whether the transferred

case will be tried "in a single proceeding."   No such authority exits.

AmberWave  also  misstates  Intel's  position  on  the  management  of  the  consolidated

actions.   Although  when  AmberWave  moved  to  add  the  '907  patent  to  the  Consolidated

Delaware  Action,  Intel  did  not  believe  that  the  '907  patent  claims  could  be  tried  in  the

Consolidated Delaware Action *under the then-current schedule*, Intel made it very clear at the

recent  hearing  before  Judge  Jordan  that  it  would  be  completely  within  his  discretion  to

consolidate  the  '907  with  the  Consolidated  Delaware  Action  now  that  the  schedule  has – *at

AmberWave's request* – been extended:

> "We [Intel] never said [the '907 Action] shouldn't be filed in Delaware
> and  managed  and  if,  at  some  point  down  the  road,  Your  Honor  felt,  in  the
> efficiency of justice, they should be tried together or coordinated in some fashion,
> you could do it."

Wells Decl., Ex. 32 at 6:12-16.  It is for Judge Jordan in the *first-filed court* to determine how the

'907 patent claims should proceed post-transfer and how the related litigations are to be managed

most efficiently.  *Sutter*, 125 F.3d at 920.

---

[1]     *See, e.g., Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("Once the likelihood
of substantial overlap…had been demonstrated, it was no longer up to the court in Texas to
resolve the question of whether both should be allowed to proceed."); *Sutter Corp. v. P &P
Indus.*, 125 F.3d 914, 920 (5th Cir. 1997) (holding that it is for the court in the first-filed action to
determine "whether the second suit filed must be dismissed, stayed or transferred and
consolidated.").

## II.    AmberWave Concedes There Is Substantial Overlap of Issues

AmberWave makes no attempt to deny its judicial admissions filed in the Delaware court, which establish overwhelmingly that the issues in the '907 Action and the first-filed actions in Delaware overlap substantially.  Mot. at 9-10.  Instead, AmberWave now focuses on four points that it claims make the cases different.  Opp. at 10-11.  They don't.  AmberWave's first point – which turns on the nature of the accused products – in fact completely undermines its position. AmberWave concedes that *every one* of the dual core devices that is accused of infringing in the '907 Action is also accused of infringing the '292, '632 and '371 patents.  Opp. at 10.  Thus, the damages issues in both forums will overlap almost entirely.  Indeed, even the specific part of the device that is accused is *exactly the same* in both the '371 and '907 actions.[2]  Furthermore, the problem purportedly solved in the '907 patent is *exactly the same problem* that is addressed by the '632 patent.[3]

The second point – that prior art may be different – is true but irrelevant.   Whenever there are different patent claims involved, even in the same patent, the prior art will differ.  That is why the *Mann* court applied the first-to-file rule despite the fact that, in that case, the prior art "completely differ[ed], raising a prima facie possibility that the issue of validity over the prior art may turn on different facts…."  *Mann*, 439 F.2d at 407 n.3.  Moreover, here, the technology involved in the '907 patent is closely related to the technology involved in the '371 patent:  both

---

[2]    Intel's raised Silicon-Germanium source/drains are the part of the transistor accused of infringing both the '371 and the '907 patents.

[3]     Both the '907 and the '632 patents address the problem of eliminating threading dislocations on the surface where devices will be built.  *Compare* Wells Decl., Ex. 3 (attaching '907 patent, entitled "Method for Making Semiconductor Devices with *Low Dislocation Defects*") (emphasis added); *with* Wells Decl., Ex. 43 at col. 2, l. 47-49 (attaching '632 patent, whose specifications state, "the graded buffer *minimizes the number of dislocations reaching the surface*") (emphasis added).

involve the epitaxial growth of crystals of semiconductor material. Indeed, AmberWave concedes that the '907 patent involves "the same area of technology" as *all three* of the patents in the Consolidated Delaware Litigation. Opp. at 9.[4]

AmberWave's third supposed point of distinction – damages – is similarly unavailing. As discussed above, the damages analysis for the '907 patent overlaps almost completely with that for the '292, '371 and '632. Furthermore, because the Lucent/Agere license is a very broad cross-license of technology, its relevance to damages (as evidence of a royalty paid for this type of technology) would apply to *all* of the patents in suit in Delaware, not just the '907 patent. Presumably, that is why AmberWave obtained discovery of that License from Agere by issuing a subpoena in the Consolidated Delaware Action. Mot. at 5. In any event, that license is only one factor in the *fifteen*-factor test involved in the *Georgia Pacific* analysis. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).[5]

AmberWave's final point – that some evidence may be in the hands of Lucent and Agere – is irrelevant. If it had any relevance, it would argue for a transfer to Delaware, which is much closer to the headquarters of both Agere (located in Pennsylvania) and Lucent (located in New Jersey). In any event, as set out above, AmberWave has *already* invoked the subpoena powers of the Delaware Court to obtain significant discovery from Agere relating to the very claims it has asserted in this case. Mot. at 5.

---

[4]    There is also substantial overlap regarding the '655 patent, which focuses on one portion of the transistor – the gate. Conspicuously, AmberWave hedges its statement of the products accused in the '655 action with the words "at this time." Opp. at 11. The reason is that AmberWave is seeking discovery of those *same products* in connection with its claims under the '292, '371 and '632 patents, which only further serves to underscore why all of these claims should be managed by the same court.

[5]    AmberWave's argument regarding the arbitrability of the license defense is irrelevant. Moreover, although Intel preserved its arbitration rights in its answer, Intel has not demanded arbitration of AmberWave.

---

Finally, AmberWave ignores the well-established principle that, for the first-file rule to require transfer, the issues involved in the cases need not be identical. *See Mann,* 439 F.2d at 408 n.6; *see also, e.g., Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997) ("The rule does not, however, require that cases be identical."); *California Security Co-op, Inc. v. Multimedia Cablevision,* Inc., 897 F. Supp. 316, 318 (E.D. Tex. 1995) (finding substantial overlap despite fact that cases involved distinct causes of action and different parties). Thus, the presence of an additional license defense in this case does not alter the substantial overlap that AmberWave itself has judicially admitted, and which motivated Judges Davis and Jordan to issue rulings that resulted in the transfer of the '632 and '371 actions from the Eastern District of Texas to Delaware.[6] AmberWave cites no authority to the contrary. Indeed, the only authority it cites in its "overlap" discussion is unpublished cases from foreign jurisdictions *that do not even consider the first-to-file rule.* Opp. at 12 n.7, and 13.[7]

---

[6]    Although AmberWave emphasizes that Intel cited no Federal Circuit decision which applied the first-to-file rule to cases involving different patents, Opp. at 8, the *Mann* court did just that. Moreover, there is no reason to believe that the Federal Circuit, which was established after *Mann,* would have reached a different result than the Fifth Circuit. *See Exxon Chem. Patents Inc. v. Lubrizol Corp.,* 935 F.2d 1263, 1271 (Fed. Cir. 1991) (Newman, J., concurring) (citing *Mann* with approval for proposition that duplicative litigation is disfavored). AmberWave makes no effort to distinguish *Mann.*

[7]    *See SmithKline Beecham Corp. v. Apotex Corp.,* No. 99-CV-4304, 2000 WL 15074, at *1 (E.D. Pa. Jan 4, 2000) (considering transfer motion brought pursuant to 28 U.S.C. § 1404(a)); *Truth Hardware Corp. v. Ashland Prods., Inc.,* No. 02-1541, 2003 U.S. Dist. LEXIS 409, at *1-2 (D. Del. Jan. 13, 2003) (same). Likewise, the sole authority AmberWave cites for the assertion that "it is Intel's burden to establish that transfer should occur," *Cummins-Allison Corp. v. Glory Ltd.,* No. 2-03-CV-358TJ, 2004 WL 1635534 at * 4 (E.D. Tex. May 26, 2004) holds only that such a burden exists under 28 U.S.C. § 1404(a), not the first-to-file rule. Opp. at 9.

### III.                        AmberWave Will Not Be Prejudiced By a Transfer

AmberWave admits that Judge Jordan was correct in describing this action as the product of its "forum shopping in a big way."  Opp. at 14.  AmberWave now offers the after-the-fact justification that it filed suit here, rather than in Delaware, because it needed to obtain a "prompt adjudication" of its rights.  Opp. at 13.  It also claims it would be "prejudiced" by being forced to litigate in Delaware because the '907 patent expires in about four years.  Opp. at 13.  As Judge Jordan recognized, these justifications "ring hollow":

> "I do find it ironic that AmberWave says that it really needs to be in Texas to get a prompt trial when I have just approved a stipulation which bumps back your trial here not for the first time and moves you back more than a year after the trial date that I had initially given you. So that rings a little hollow to me."

Wells Decl., Ex. 32 at 9:7-15.  AmberWave does not attempt to explain the sudden urgency to bring its '907 patent claims to trial when, as it acknowledges in its Opposition, Opp. at 3, it received rights in the '907 Patent in April 2003 and sat on those rights for ***more than three years*** before suing Intel in June 2006.[8]  Opp. at 5.  Moreover, AmberWave offers no colorable explanation of how it would be prejudiced by litigating the '907 patent in Delaware.  Nor could it:  Both of the actions before Judge Jordan are scheduled to go to trial *years* before the '907 patent expires.[9]

---

[8]        AmberWave's allegation that Intel is attempting to purposefully delay the Delaware litigation in order to prejudice AmberWave, Opp. at 13, is not supported by the facts.  The recent 6-month extension to the Consolidated Delaware Action, agreed to by both parties, was requested by AmberWave.  Wells Decl. Ex. 24.  On the contrary, it is AmberWave who is playing games here by requesting a delay in the Delaware action, which would have gone to trial before this action, so that this case – the last one filed between the parties – takes precedence over three earlier filed actions.

[9]        Even if the '907 Patent were to expire before completion of the Delaware litigation, the subsequent expiration of the patent has no impact on the amount of past damages AmberWave may obtain.  *See Technitrol, Inc. v. Memorex Corp.*, 376 F. Supp. 828, 835 (N.D. Ill. 1974).

AmberWave argues – again without the benefit of any legal support – that the Motion should be denied because Intel filed a declaratory judgment action on the '655 Patent after AmberWave informed Intel that it intended to sue Intel on that patent.  This argument is misplaced.  The fact that a first-filed action is a declaratory action does not preclude transfer, as Judge Davis recognized in transferring the '632 Action to Delaware.  Mot. at 3; s*ee also Genentech*, 998 F.2d at 938 (holding that the "considerations affecting transfer …do not change simply because the first-filed action is a declaratory action").  Moreover, the fact that a lawsuit is "anticipatory" does not justify disregarding the first-to-file rule.  *See, e.g., Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (reversing district court because fact that declaratory suit "was designed to anticipate a later-filed complaint in another forum" did not justify disregarding rule).  In any event, AmberWave's "anticipatory" argument completely ignores the fact that the Consolidated Delaware Action was filed long before the '655 Action, and thus could not be anticipatory in any way.

AmberWave's argument also completely ignores the fact that Intel was entirely justified in filing a declaratory judgment action on the '655 Patent in light of AmberWave's threat to bring suit; doing so was in no way "sharp practice."  As Intel explained to AmberWave when it commenced the '655 Action, it filed the action in Delaware – the same jurisdiction in which AmberWave had threaten to sue Intel – and designated it as a related case to ensure that Judge Jordan could manage the case along with the other cases before him.  *See Genentech*, 998 F.2d at 938 (finding that declaratory suit was not improperly anticipatory because it was filed in forum where related litigation was pending and thus was not the product of forum shopping).  Given the schedule in the Consolidated Delaware Action at that time (with expert reports due in 3 months),

---

(allowing patent infringement action to proceed despite fact that patent had expired two years prior to commencement of litigation).

Intel believed that the '655 Action should not be consolidated for trial with the Consolidated Delaware Action. AmberWave apparently now agrees. Despite having subsequently asked for and received a six month extension on the schedule in the Consolidated Delaware Action, AmberWave has not moved to consolidate the '655 Action with the Consolidated Delaware Action.

Finally, AmberWave's argument about Judge Jordan's nomination to the Third Circuit is not relevant. Even if Judge Jordan is elevated, this case will proceed in Delaware under the auspices of the Magistrate Judge, who is deeply familiar with the issues, until a replacement is appointed to succeed Judge Jordan.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Intel's Motion to Transfer, Intel respectfully submits that the Court should grant Intel's motion to transfer this case to the United States District Court for the District of Delaware.

Dated: September 11, 2006

Respectfully submitted,

By:   /s/ John F. Bufe

MICHAEL E. JONES, Lead Attorney
State Bar No. 10929400
JOHN F. BUFE
State Bar No. 03316930
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
903.597.8311
903.593.0846 (Facsimile)
mikejones@potterminton.com
johnbufe@potterminton.com

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

**Of Counsel:**

George M. Newcombe
(CA Bar No. 202898)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 11, 2006. Any other counsel of record will be served by first class mail.

/s/ John F. Bufe

John F. Bufe

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| **AMBERWAVE SYSTEMS CORPORATION,** | § § § | |
| *Plaintiff*, | § | **Civil Action No. 9:06-CV-157 (RHC)** |
| | § | |
| **v.** | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| **INTEL CORPORATION,** | § § | |
| *Defendant*. | § | |

## INTEL CORPORATION'S STATEMENT OF NON-OPPOSITION TO AMBERWAVE'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

Defendant Intel Corporation ("Intel") respectfully submits this statement of non-opposition to Plaintiff AmberWave Systems Corporation's ("AmberWave") motion for leave to amend its complaint to add a count seeking a judicial declaration that Intel does not have a license to the patent in suit, United States Patent No. 5,158,907 (the "'907 patent"). In light of the liberal pleading standards under Fed. R. Civ. P. 15, Intel does not oppose AmberWave's motion for leave to amend its complaint. Intel, however, otherwise fully reserves its rights.

INTEL CORPORATION'S STATEMENT OF NON-OPPOSITION TO AMBERWAVE'S
MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0311760.1 }
047008-0028-02056-PaloAlto.2101611.2
Page 1 of 2

Dated: September 13, 2006

Respectfully submitted,

By:  */s/ John F. Bufe*

MICHAEL E. JONES, Lead Attorney
Texas Bar No. 10929400
mikejones@potterminton.com
JOHN F. BUFE
Texas Bar No. 03316930
johnbufe@potterminton.com
**POTTER MINTON, PC**
110 North College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

**Of Counsel:**

George M. Newcombe
(CA Bar No. 202898)
gnewcombe@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 13, 2006.  Any other counsel of record will be served by First Class mail on this same date.

*/s/ John F. Bufe*
John F. Bufe

INTEL CORPORATION'S STATEMENT OF NON-OPPOSITION TO AMBERWAVE'S
MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0311760.1 }
047008-0028-02056-PaloAlto.2101611.2

Page 2 of 2

CLOSED, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Lufkin)
### CIVIL DOCKET FOR CASE #: 9:06-cv-00157-RHC

*06cv638*

AmberWave Systems Corporation v. Intel Corporation
Assigned to: Judge Ron Clark
Related Cases: 2:05-cv-00321-LED
        2:05-cv-00449-TJW
        9:06-cv-00143-RHC
Cause: 35:271 Patent Infringement

Date Filed: 08/31/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**AmberWave Systems Corporation**





represented by **Clayton Edward Dark, Jr**
Attorney at Law
PO Box 2207
Lufkin, TX 75902-2207
936/637-1733
Fax: 19366372897
Email: cekrad@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander C D Giza**
Irell & Manella LLP
1800 Ave of the Stars
Ste 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: agiza@irell.com
*ATTORNEY TO BE NOTICED*

**Amir A Naini**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: anaini@irell.com
*ATTORNEY TO BE NOTICED*

**Andrew D Weiss**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-7175
Fax: 310/203-7199
Email: aweiss@irell.com
*ATTORNEY TO BE NOTICED*

**Christopher A Vanderlaan**
Irell & Manella LLP
1800 Avenue of the Stars

Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: cvanderlaan@irell.com
*ATTORNEY TO BE NOTICED*

**David I Gindler**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
310/277-1010
Fax: 13105565206
Email: dgindler@irell.com
*ATTORNEY TO BE NOTICED*

**J Thad Heartfield**
Law Offices of J. Thad Heartfield
2195 Dowlen Rd
Beaumont, TX 77706
409/866-3318
Fax: 14098665789
Email: thad@jth-law.com
*ATTORNEY TO BE NOTICED*

**Jason G Sheasby**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: jsheasby@irell.com
*ATTORNEY TO BE NOTICED*

**Maclain Wells**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.277.1010
Fax: 310.203.7199
Email: mwells@irell.com
*ATTORNEY TO BE NOTICED*

**Morgan Chu**
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: mchu@irell.com
*ATTORNEY TO BE NOTICED*

**Samuel K Lu**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900

Los Angeles, CA 90067-4276
310/277-1010
Fax: 310/203-7199
Email: slu@irell.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Intel Corporation**                    represented by **Michael Edwin Jones**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email: mikejones@potterminton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher K. Ridder**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650-251-5000
Fax: 650-251-5002
Email: cridder@stblaw.com
*ATTORNEY TO BE NOTICED*

**George M Newcombe**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650/251-5000
Fax: 16502515002
Email: gnewcombe@stblaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey E Ostrow**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650/251-5000
Fax: 16502515002
Email: jostrow@stblaw.com
*ATTORNEY TO BE NOTICED*

**John Frederick Bufe**
Potter Minton
P. O. Box 359
Tyler, TX 75710
903/597/8311
Fax: 9035930846
Email: johnbufe@potterminton.com
*ATTORNEY TO BE NOTICED*

**Kerry L. Konrad**
Simpson Thacher & Bartlett - New York
425 Lexington Ave

New York, NY 10017-3954
212-455-2000
Fax: 212-455-2502
Email: kkonrad@stblaw.com
*ATTORNEY TO BE NOTICED*

**Patrick E King**
Simpson Thacher & Bartlett - Palo Alto
2550 Hanover St
Palo Alto, CA 94304
650/251-5000
Fax: 16502515002
Email: pking@stblaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2006 | ❶1 | COMPLAINT (35:0271 Patent Infringement) against Intel Corporation , filed by AmberWave Systems Corporation. (Attachments: # 1 Civil Cover Sheet)(djh, ) (Entered: 08/02/2006) |
| 07/28/2006 | ❷2 | NOTICE by AmberWave Systems Corporation of cases that involve the same parties as this case at bar and is a collateral proceeding and cases that do not constitute collateral proceedings but brings notice of their existence to the Court's attention (djh, ) Modified on 8/2/2006 (djh, ). (Entered: 08/02/2006) |
| 07/28/2006 | ❸ | Filing fee: $ 350, receipt number 9-1-416 (djh, ) (Entered: 08/02/2006) |
| 07/28/2006 | ❸3 | CORPORATE DISCLOSURE STATEMENT filed by AmberWave Systems Corporation (djh, ) (Entered: 08/02/2006) |
| 07/28/2006 | ❸ | Summons Issued as to Intel Corporation and handed back to atty for service (djh, ) Modified on 8/2/2006 (djh, ). (Entered: 08/02/2006) |
| 08/02/2006 | ❹4 | Return of Service Executed as toIntel Corporation on 7/31/2006, answer due: 8/21/2006. (djh, ) Additional attachment(s) added on 8/2/2006 (djh, ). (Entered: 08/02/2006) |
| 08/02/2006 | ❺5 | Form mailed to Commissioner of Patents and Trademarks. (djh, ) (Entered: 08/02/2006) |
| 08/04/2006 | ❻6 | NOTICE of Attorney Appearance by Michael Edwin Jones on behalf of Intel Corporation (Jones, Michael) (Entered: 08/04/2006) |
| 08/04/2006 | ❼7 | NOTICE of Attorney Appearance by John Frederick Bufe on behalf of Intel Corporation (Bufe, John) (Entered: 08/04/2006) |
| 08/11/2006 | ❽8 | MOTION for Extension of Time to File Answer re 1 Complaint by Intel Corporation. (Attachments: # 1 Text of Proposed Order)(Bufe, John) (Entered: 08/11/2006) |
| 08/14/2006 | ❾9 | RESPONSE in Opposition re 8 MOTION for Extension of Time to File Answer re 1 Complaint filed by AmberWave Systems Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Text of Proposed Order)(Dark, Clayton) Modified on 8/14/2006 (kjr, ). (Entered: 08/14/2006) |
| 08/15/2006 | ❿10 | ORDER denying 8 Motion for Extension of Time to Answer . Signed by Judge Ron Clark on 8/15/06. (kjr, ) (Entered: 08/15/2006) |
| 08/16/2006 | ⓫11 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Morgan Chu for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | ⓬12 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Christopher A Vanderlaan for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |

| 08/16/2006 | 🔵13 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney David I Gindler for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵14 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Jason G Sheasby for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵15 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Amir A Naini for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵16 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Samuel K Lu for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵17 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Andrew D Weiss for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵18 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Alexander C D Giza for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵19 | (APPROVED) APPLICATION to Appear Pro Hac Vice by Attorney Maclain Wells for AmberWave Systems Corporation. (djh, ) (Entered: 08/16/2006) |
| 08/16/2006 | 🔵 | Pro Hac Vice Filing fee paid by Morgan Chu, Christopher Vanderlaan, David Gindler, Jason Sheasby, Amir Naini, Samuel Lu, Andrew Weiss, Alexander Giza, Maclain Wells; Fee: $225, receipt number: 9-1-431 (djh, ) (Entered: 08/16/2006) |
| 08/21/2006 | 🔵20 | *Intel Corporation's* ANSWER to Complaint with Jury Demand by Intel Corporation. (Bufe, John) (Entered: 08/21/2006) |
| 08/21/2006 | 🔵21 | MOTION to Change Venue *to Earlier-Filed Litigation Pending in the District of Delaware* by Intel Corporation. (Attachments: # 1 Declaration of Michael E. Jones# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J# 12 Exhibit K# 13 Exhibit L# 14 Exhibit M# 15 Exhibit N# 16 Exhibit O# 17 Exhibit P# 18 Exhibit Q# 19 Text of Proposed Order)(Bufe, John) (Entered: 08/21/2006) |
| 08/28/2006 | 🔵22 | REFERRAL ORDER. Discovery disputes and discovery motions, as well as certain othermotions filed in this case, shall be REFERRED, at the discretion of, or in the absence of, theundersigned, to United States Magistrate Judge Keith F. Giblin . Signed by Judge Ron Clark on 8/28/06. (kjr, ) (Entered: 08/29/2006) |
| 08/29/2006 | 🔵23 | CORPORATE DISCLOSURE STATEMENT filed by Intel Corporation identifying NONE as Corporate Parent. (Bufe, John) (Entered: 08/29/2006) |
| 08/29/2006 | 🔵24 | PROTECTIVE ORDER . Signed by Judge Ron Clark on 8/28/06. (kjr, ) (Entered: 08/30/2006) |
| 08/29/2006 | 🔵25 | ORDER GOVERNING PROCEEDINGS. The case is set for the initial Rule 16 management conference on 10/31/06 at 10:00 am in Beaumont. Signed by Judge Ron Clark on 8/28/06. (kjr, ) (Entered: 08/30/2006) |
| 08/31/2006 | 🔵 | Pro Hac Vice Filing fee paid by Kerry L. Konrad, Jeffrey E. Ostrow, Patrick E. King, Christopher K. Ridder, George M. Newcombe; Fee: $125.00, receipt numbers: 6-1-6549 thru 6-1-6553 (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵27 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney George M Newcombe for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵28 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Christopher K. Ridder for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵29 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Patrick E King for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 08/31/2006 | 🔵30 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Jeffrey E Ostrow for |

| | | Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
|---|---|---|
| 08/31/2006 | 🔵31 | APPLICATION (approved) to Appear Pro Hac Vice by Attorney Kerry L. Konrad for Intel Corporation. (kjr, ) (Entered: 09/05/2006) |
| 09/01/2006 | 🔵26 | MOTION to Amend/Correct 1 Complaint by AmberWave Systems Corporation. (Attachments: # 1 Exhibit Exhibit A - First Amended Complaint# 2 Text of Proposed Order)(Giza, Alexander) (Entered: 09/01/2006) |
| 09/05/2006 | 🔵32 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 21 MOTION to Change Venue *to Earlier-Filed Litigation Pending in the District of Delaware* filed by AmberWave Systems Corporation. (Attachments: # 1 Text of Proposed Order Proposed Order# 2 Affidavit Declaration of Anthony Lochtefeld# 3 Affidavit (Filed Under Seal) Confidential Portion of the Declaration of Anthony Lochtefeld# 4 Affidavit Declaration of C. Maclain Wells# 5 Exhibit #1# 6 Exhibit (Filed Under Seal) #2# 7 Exhibit #3# 8 Exhibit #4# 9 Exhibit #5# 10 Exhibit #6# 11 Exhibit #7# 12 Exhibit #8# 13 Exhibit #9# 14 Exhibit #10# 15 Exhibit #11# 16 Exhibit #12# 17 Exhibit #13# 18 Exhibit #14# 19 Exhibit #15# 20 Exhibit #16# 21 Exhibit #17# 22 Exhibit #18# 23 Exhibit #19# 24 Exhibit #20# 25 Exhibit #21# 26 Exhibit #22# 27 Exhibit #23# 28 Exhibit #24# 29 Exhibit #25# 30 Exhibit #26# 31 Exhibit #27# 32 Exhibit Ex. 28# 33 Exhibit #29# 34 Exhibit #30# 35 Exhibit #31# 36 Exhibit #32# 37 Exhibit #33# 38 Exhibit (Filed Under Seal) #34# 39 Exhibit #35# 40 Exhibit #36# 41 Exhibit #37# 42 Exhibit #38# 43 Exhibit #39# 44 Exhibit #40# 45 Exhibit #41# 46 Exhibit #42# 47 Exhibit #43# 48 Proof of Service# 49 Proof of Service)(Wells, Maclain) (Entered: 09/05/2006) |
| 09/11/2006 | 🔵33 | Consent MOTION for Leave to File Excess Pages *For Its Reply Brief in Support Of Its Motion to Transfer* by Intel Corporation. (Attachments: # 1 Exhibit # 2 Text of Proposed Order)(Bufe, John) (Entered: 09/11/2006) |
| 09/12/2006 | 🔵34 | ORDER granting 33 Motion to File to File Excess Pages for Intel Corporation's Reply in Support of its Motion to Transfer. Signed by Judge Ron Clark on 9/12/06. (kjr, ) (Entered: 09/13/2006) |
| 09/12/2006 | 🔵35 | REPLY to Response to Motion re 21 MOTION to Change Venue *to Earlier-Filed Litigation Pending in the District of Delaware* filed by Intel Corporation. (kjr, ) (Entered: 09/13/2006) |
| 09/13/2006 | 🔵36 | RESPONSE to Motion re 26 MOTION to Amend/Correct 1 Complaint *Intel Corporation's Statement of Non-Opposition to AmberWave's Motion for Leave to File Its First Amended Complaint* filed by Intel Corporation. (Bufe, John) (Entered: 09/13/2006) |
| 09/18/2006 | 🔵37 | SEALED PATENT DOCUMENT *Sur-Reply of AmberWave to Intel's Motion To Transfer*. (Attachments: # 1 Proof Of Service)(Wells, Maclain) (Entered: 09/18/2006) |
| 09/21/2006 | 🔵38 | SEALED ORDER granting 21 Motion to Change Venue. This case is transferred to the United States District Court for the District of Delaware. The Clerk shall send a copy of this Order to the Clerk of the United States District Court for the District of Delaware. Signed by Judge Ron Clark on 9/21/06. (kjr, ) Modified on 9/22/2006 (kjr, ). (Entered: 09/22/2006) |
| 10/12/2006 | 🔵 | Interdistrict transfer to the District of Delaware District. Forwarded certified copy of complaint, order of transfer (sealed) and docket sheet. (kjr, ) (Entered: 10/12/2006) |