IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 9:06cv00157 |
| v. | § § | DEMAND FOR JURY TRIAL |
| INTEL CORPORATION, | § § § | Judge Clark |
| Defendant. | § | |

## INTEL CORPORATION'S ANSWER

Defendant Intel Corporation ("Intel") responds as follows to AmberWave's Complaint For Patent Infringement filed in the above cause on July 28, 2006 ("Complaint").

## INTRODUCTION

1.      Intel admits that it has for years improved the performance of its microprocessors using many methods.  Intel denies knowledge or information sufficient to form a belief as to whether AmberWave Systems Corporation ("AmberWave") is a small technology and engineering firm founded by a university professor and one of his former students.  Except as so admitted, Intel denies the allegations of paragraph 1 of the Complaint.

## THE PATENT IN SUIT

2.      Intel admits that AmberWave purports to attach a copy of United States Patent No. 5,158,907 (the "'907 patent"), titled *Method For Making Semiconductor Devices With Low Dislocation Defects*," as Exhibit A to the Complaint.  Intel admits that the '907 patent was issued on October 27, 1992, and that it names Eugene Fitzgerald as its sole inventor.  Intel denies that the '907 patent was duly and legally issued and that AmberWave is the assignee of all right, title,

1

and interest in the '907 patent.  Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

## PARTIES AND JURISDICTION

3.     Intel admits that AmberWave purports to bring a claim for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*  Except as so admitted, Intel denies the allegations of paragraph 3 of the Complaint.

4.     Intel admits, on information and belief, that AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

5.     Intel admits that it is a Delaware corporation with its principal place of business in Santa Clara, California.

6.     Intel admits that it manufactures microprocessors with dual-core technology that may have been sold in this District.  Intel admits that it maintains a worldwide website that allows users throughout the world (including in this District) to submit information to Intel, to download information, and to locate companies who sell Intel products, including microprocessors with dual-core technology, both in this District and elsewhere.   Except as so admitted, Intel denies the allegations of paragraph 6 of the Complaint.

7.     Intel admits that it has filed complaints in this District as a plaintiff and intervenor, and that it has previously appeared as a defendant and a counterclaim plaintiff in this District without contesting venue.   Except as so admitted, Intel denies the allegations of paragraph 7 of the Complaint.

8.     Intel admits that it has over 600 employees in the State of Texas; that it has a registered agent in the State of Texas; that it has sought and received authorization to do business

INTEL CORPORATION'S ANSWER
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0310332.1 }
047008-0028-10103-LosAngeles.2036511.3

in Texas; and that it maintains multiple business offices in the State of Texas. Except as so admitted, Intel denies the allegations of paragraph 8 of the Complaint.

9.     Intel admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Intel admits that rules concerning venue are set forth in 28 U.S.C. §§ 1391 and 1400(b). Except as so admitted, Intel denies the allegations of paragraph 9 of the Complaint. Intel further avers that Delaware, where the first-filed action between the parties was commenced, is the proper forum for this litigation.

## RELATED ACTIONS

10.    Intel admits that on May 17, 2005, Intel filed a declaratory judgment action for non-infringement of U.S. Patent No. 6,831,292 before Judge Jordan in the District of Delaware (the "Delaware I Action").[1] Intel further admits that on July 15, 2005, AmberWave filed an action against Intel in the Eastern District of Texas alleging infringement of U.S Patent No. 6,881,632 (the "'632 Action").[2] Intel also admits that on September 20, 2005, AmberWave filed a separate action in the Eastern District of Texas alleging that Intel infringed U.S. Patent No. 6,946,371 (the "'371 Action).[3] Intel admits that on November 1, 2005, Judge Davis transferred the '632 Action to Delaware because he determined that the issues in the '632 Action were "closely related" to the issues in the Delaware I Action. Intel admits that the parties stipulated to the consolidation of AmberWave's infringement claims on the three patents (including the '371 Action) in the Delaware I Action. Except as so admitted, Intel denies the allegations in

---

[1]     *Intel Corp. v. AmberWave Systems Corp.*, 05-301-KAJ

[2]     *AmberWave Systems Corp. v. Intel Corp.,* 02-05cv-321-LED

[3]     *AmberWave Systems Corp. v. Intel Corp.*, 02-05cv-449-TJW

paragraph 10 of the Complaint.

11.     Intel admits that AmberWave sought leave to amend its complaint in the consolidated Delaware I Action to add the '907 patent.  Intel admits that it opposed adding the '907 patent to the Delaware I Action (although it did not oppose asserting the patent in the District of Delaware before Judge Jordan) because AmberWave lacked standing to maintain that action, because AmberWave unduly delayed in seeking to add the '907 patent, and because adding the '907 patent to the Delaware I Action without change to the then current schedule in the Delaware I Action would prejudice both parties.  Although Intel believed that the '907 patent raises sufficiently new issues so that the patent could not be added to the Delaware I Action – only a few months before expert reports were due – without affecting the pretrial schedule previously ordered in that action, Intel agrees with AmberWave's representations to Judge Jordan that the patents involve the same field of technology and raise significant issues that overlap with those raised in the actions between the parties already pending in Delaware.  Except as so admitted, Intel denies the allegations of paragraph 11 of the Complaint.

12.     Intel admits that on July 8, 2006, AmberWave asked Intel whether it would assent to a motion to amend in the consolidated Delaware I Action to add U.S. Patent No. 7,074,655 (the "'655 patent") when it issued.  Intel further admits that on July 11, 2006, it instituted a declaratory judgment action concerning the '655 patent in the District of Delaware and designated the action as related to the consolidated Delaware I Action pending before Judge Jordan, so that the declaratory judgment action would be assigned to him and could be coordinated with the consolidated Delaware I Action.[4]  Except as so admitted, Intel denies the

---

[4]     *Intel Corp. v. AmberWave Systems Corp.*, 06-429-KAJ

INTEL CORPORATION'S ANSWER
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0310332.1 }
047008-0028-10103-LosAngeles.2036511.3

allegations of paragraph 12 of the Complaint.

## CLAIM FOR RELIEF

13.     Paragraph 13 repeats and realleges the allegations of paragraphs 1 through 12 of the Complaint, and Intel therefore incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.     Intel denies the allegations in paragraph 14 of the Complaint.

15.     Intel denies the allegations in paragraph 15 of the Complaint.

16.     Intel denies the allegations in paragraph 16 of the Complaint.

17.     Intel denies the allegations in paragraph 17 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted against Intel.

## SECOND DEFENSE

The '907 patent is invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of U.S.C. §§ 101 *et seq*, including but not limited to: 35 U.S.C. §§ 102 and 103 and failure to meet the requirements of 35 U.S.C. § 112.

## THIRD DEFENSE

Intel is licensed to the '907 patent. The '907 patent names AT&T Bell Laboratories ("AT&T") as assignee. After being assigned the '907 patent, AT&T spun-off its systems and technology unit as a separate entity named Lucent Technologies Inc. ("Lucent"). On information and belief, as a result of the spin-off, Lucent became the assignee of the '907 patent. On September 29, 2000, Intel entered into a cross-license agreement with Lucent Technologies GRL Corporation ("Lucent GRL"), a subsidiary of Lucent, by which Lucent GRL, on behalf of itself and (among others) its parent Lucent, granted Intel, among other things, a license to the '907

5

patent (the "Intel License"). Lucent's subsequent assignment of the '907 patent to Agere Systems Optoelectronics Guardian Corporation ("Agere"), on January 30, 2001, was subject to the Intel License. AmberWave took any rights it has in the '907 patent from Agere subject to the Intel License.

## FOURTH DEFENSE

The Intel License requires that any disputes arising out of or related to the Intel License, including but not limited to any disputes regarding the scope of Intel's license rights to the '907 patent, are subject to mandatory, binding alternative dispute resolution procedures, including mediation and arbitration. Therefore, it may be necessary to stay AmberWave's claims for infringement of the '907 patent pending determination of Intel's license rights pursuant to the mandatory, binding alternative dispute resolution provisions of the Intel License.

## PRAYER FOR RELIEF

WHEREFORE, Intel respectfully requests judgment granting the following relief:

1.      The court stay this action pending the outcome of mandatory, binding arbitration required by §4.08 of the Intel License.

2.      In the event any litigable issue remains after the arbitration, that AmberWave take nothing by its Complaint and the Court dismiss AmberWave's Complaint with prejudice;

3.      That the Court award Intel attorneys' fees and expenses against AmberWave and deny that AmberWave's Complaint is exceptional under 35 U.S.C. § 285; and

4.      That the Court award Intel such other and additional relief as it deems just and proper.

INTEL CORPORATION'S ANSWER
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0310332.1 }
047008-0028-10103-LosAngeles.2036511.3

Dated: August 21, 2006                    Respectfully submitted,

                                 By:    */s/ John F. Bufe*
                                        _____
                                        MICHAEL E. JONES, Attorney-In-Charge
                                        Texas Bar No. 10929400
                                        mikejones@potterminton.com
                                        JOHN F. BUFE
                                        Texas Bar No. 03316930
                                        johnbufe@potterminton.com

                                        POTTER MINTON, PC
                                        110 North College
                                        500 Plaza Tower
                                        Tyler, Texas 75702
                                        Telephone:  (903) 597-8311
                                        Facsimile:  (903) 593-0846

**Of Counsel:**                         **ATTORNEYS FOR DEFENDANT
                                        INTEL CORPORATION**

George M. Newcombe
(CA Bar No. 202898)
gnewcombe@stblaw.com
SIMPSON THACHER &
BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 21, 2006.  Any other counsel of record will be served by First Class mail on this same date.


                                        */s/ John F. Bufe*
                                        _____

INTEL CORPORATION'S ANSWER
*AmberWave Systems Corporation v. Intel Corporation*
{A12\7395\0006\W0310332.1 }
047008-0028-10103-LosAngeles.2036511.3