UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INTEL CORPORATION, )<br>)<br>Defendant. )<br>)<br>)<br>———————————————————— ) | Civil Action No. 9:06-cv-157 (RHC)<br><br>Jury Trial Demanded |

## AMBERWAVE'S MOTION FOR LEAVE TO FILE
## ITS FIRST AMENDED COMPLAINT

Plaintiff AmberWave Systems Corporation ("AmberWave") hereby moves the Court for leave to file its First Amended Complaint in this matter pursuant to the Federal Rules of Civil Procedure, Rule 15(a). AmberWave seeks to add a count for declaratory judgment that Intel does not have a license to the patent in suit, United States Patent No. 5,158,907 ("the '907 patent"). *See* AmberWave's First Amended Complaint and Jury Demand (attached as Ex. A).

**I.     Factual and Procedural Background**

On July 28, 2006, AmberWave sued Intel Corporation ("Intel" or "Defendant") for infringing AmberWave's '907 patent. On August 21, 2006, Intel answered and alleged a license defense based on an agreement between Intel and Lucent Technologies GRL Corporation. Intel's Answer (docket #20) at 5-6. AmberWave disputes Intel's alleged license defense and seeks to clarify the issues in this lawsuit by amending its complaint to add a claim for declaratory judgment that Intel does not have a license to the '907 patent.

This litigation is still in its early stages. The first Rule 16 scheduling conference is set for October 31, 2006. There is no deadline for amending the pleadings yet in this case.

**II.      AmberWave Should Be Granted Leave to File Its First
Amended Complaint to Add a Claim for Declaratory
Judgment that Intel Does Not Have a License to the '907 Patent.**

AmberWave seeks to clarify the issues in this lawsuit by amending its complaint to add a claim for declaratory judgment that Intel does not have a license to the '907 patent.

**A.      Legal Standard**

Federal Rule of Civil Procedure 15 provides that after responsive pleadings have been filed, "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Rule 15(a) "requires the trial court to grant leave to amend 'freely'...." *Lyn-Lea Travel Corp. v. Am. Airlines, v. Harry L. Laws Co., Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).  As the Supreme Court teaches, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel*, 283 F.3d at 286.  Moreover, because leave to amend should be "freely given," (Fed. R. Civ. P. 15(a)), "[t]he district court must have a 'substantial reason' to deny a request for leave to amend." *Id.* (citation omitted).  "[R]efusal to grant leave to amend without a justification such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of University of California*, 363 F.3d 398, 403 (5th Cir. 2004) (quoting *Foman*, 371 U.S. at 182); *see also Texas Instruments v. Hyundai Elecs. Indus.*, 191 F.R.D. 119, 122 (E.D. Tex. 1999) (noting that the Fifth Circuit "follows the mandate of *Foman*" to grant leave to amend freely absent a "'substantial reason'" to deny leave such as "'undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendment'") (quoting *Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir. 1996)).

**B.      There Is No Substantial Reason to Deny
AmberWave's Motion for Leave to Amend.**

Under a straightforward application of the relevant legal standard, AmberWave should be allowed to amend its complaint to add a count for declaratory judgment that Intel does not have a

license to the '907 patent. None of the "substantial reason[s]" that counsel against amendment under Rule 15 – undue delay, bad faith, dilatory motive, prejudice and futility – are present here. *Rolf v. City of San Antonio*, 77 F.3d 823, 828-29 (5th Cir. 1996)). Where, as here, there exists no "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 874 (5th Cir. 1991).

### 1.   AmberWave Has Not Delayed Filing This Motion.

AmberWave's motion for leave to amend is timely. AmberWave filed its motion 10 days after Intel interposed in its answer an affirmative defense that it is licensed under the '907 patent. This case is still in the preliminary stages: the first scheduling conference is scheduled for October 31, 2006 – two months from the date that this motion was filed, and there is no current deadline for amending the pleadings. AmberWave's motion is timely. *See Garcia v. Columbia Med. Ctr.*, 996 F. Supp. 605, 609 (E.D. Tex. 1998) ("Because Plaintiffs served Defendants with a copy of Plaintiffs' motion [to amend] on [the last day for filing motions for leave to amend], the court finds that the motion was not the result of undue delay."). Accordingly, Defendants can show no "undue delay" by AmberWave in filing this motion for leave to amend.

### 2.   Defendant Is Not Prejudiced By The Amendment.

As noted above, the proposed amendment will clarify the issues in the lawsuit. Discovery has not yet begun, so both parties should have ample opportunity to develop this issue. In addition, Intel is already raising this alleged license as a defense, so adding a declaratory judgment claim to AmberWave's complaint should require no substantial additional discovery nor should it delay or alter the nature of this litigation in any material manner. Defendant cannot complain of prejudice arising from the formal addition of a claim for declaratory judgment on an issue that Defendant itself has raised. The amendment in no way inhibits Intel's ability to defend the suit—there is no prejudice. *See Henderson v. U.S. Fidelity and Guaranty Co.*, 620 F.2d 530, 534 (5th Cir. 1980).

### 3. All Factors Weigh in Favor of Granting Leave to Amend

In addition to the lack of undue delay and prejudice, there is a complete absence of any other "substantial reason" for denying leave to amend. *Lyn-Lea Travel*, 283 F.3d at 286. For example, there are no facts here indicating anything remotely like "repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l. Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). The lack of any substantial reason of any sort for denying leave compels a finding that AmberWave should be allowed to amend its complaint to add a claim for declaratory judgment that Intel does not have a license to the '907 patent. *See Farias*, 925 F.2d at 874 ("'Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (quoting *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)).

### III. Conclusion

All factors weigh in favor of granting leave to amend the complaint. AmberWave has moved to amend its complaint before the deadline for amending the pleadings has even been set, and Intel is not prejudiced by the addition of a declaratory judgment claim on an issue it has raised. There are no reasons to deny leave to amend. Accordingly, this Court should grant AmberWave leave to file its First Amended Complaint, which is attached hereto as Exhibit A.

Dated:  September 1, 2006                  Respectfully Submitted,

                                           /s/ Alexander C.D. Giza
                                           Alexander C.D. Giza

                                           Morgan Chu (*Pro hac vice*)
                                           David Gindler (*Pro hac vice*)
                                           Samuel K. Lu (*Pro hac vice*)
                                           Alexander C.D. Giza (*Pro hac vice*)
                                           IRELL & MANELLA LLP
                                           1800 Avenue of the Stars, #900
                                           Los Angeles, CA  90067-4276
                                           Telephone:  (310) 277-1010
                                           Facsimile:  (310) 203-7199
                                           E-mail:  slu@irell.com

                                           Clayton Edward Dark, Jr., Esq. (TX #05384500)
                                           *Attorney-in-Charge*
                                           P.O. Box 2207
                                           207 East Frank
                                           Lufkin, TX  75902-2207
                                           Phone:  (936) 637-1733
                                           Facsimile:  (936) 637-2897
                                           E-mail: clay.dark@yahoo.com

                                           J. Thad Heartfield, Esq. (TX #09347000)
                                           The Law Offices of J. Thad Heartfield
                                           2195 Dowlen Road
                                           Beaumont, TX  77706-2534
                                           Phone (409) 866-3318 Ext. 1
                                           E-mail:  thad@jth-law.com

                                           ATTORNEYS FOR PLAINTIFF
                                           AmberWave Systems Corporation

### CERTIFICATE OF CONFERENCE

I certify that counsel for AmberWave has conferred with counsel for Intel.  Intel was contacted, and Intel stated that it was unable to determine whether it will oppose this motion.  On this basis, the Court should find that this motion is opposed.

                                           /s/ Alexander C.D. Giza
                                           Alexander C.D. Giza

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 1, 2006.  Any other counsel of record will be served by facsimile transmission and first class mail.

                                           /s/ Alexander C.D. Giza
                                           Alexander C.D. Giza

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 9:06-cv-157 (RHC) |
| vs. | § § § | JURY TRIAL DEMANDED |
| INTEL CORPORATION | § § | |
| Defendant. | § § § | |

## AMBERWAVE'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff AmberWave Systems Corporation ("AmberWave"), for its complaint against Defendant Intel Corporation ("Intel"), alleges as follows:

### INTRODUCTION

1.      AmberWave is a small technology and engineering firm founded by a Massachusetts Institute of Technology ("MIT") professor—Eugene Fitzgerald—and his former students. AmberWave develops innovative technology for the production of semiconductor devices. For years, Intel has been improving the performance of its semiconductor devices by shrinking the size of their fundamental components. Intel now finds itself unable to continue its historical pace of performance enhancement using its own technological developments. In order to defend its market position against inroads by competitors, Intel is using the inventions of Eugene Fitzgerald to enable the production of faster and more efficient semiconductor devices— all without obtaining a license from AmberWave. This action seeks redress for Intel's infringing activities.

## THE PATENT IN SUIT

2.      U.S. Patent No. 5,158,907 (the "'907 patent"), entitled "Method for Making Semiconductor Devices with Low Dislocation Effects," was duly and legally issued on October 27, 1992.  The sole named inventor on the '907 patent is Eugene Fitzgerald.  The '907 patent represents the fruits of some of Dr. Fitzgerald's research while he was working at AT&T Bell Laboratories, before he began teaching at MIT.  AmberWave is the assignee of all right, title, and interest the '907 patent.  A true and correct copy of the '907 patent is attached as Exhibit A.

## PARTIES AND JURISDICTION

3.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*

4.      AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

5.      AmberWave is informed and believes, and thereon alleges, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California.

6.      AmberWave is informed and believes, and thereon alleges, that Intel has done and continues to do business in this District.  AmberWave is informed and believes, and thereon alleges, that Intel has harmed and continues to harm AmberWave in this District.  AmberWave is informed and believes, and thereon alleges, that Intel products have been sold in this District. AmberWave is informed and believes, and thereon alleges, that these products include Intel's dual-core devices.   AmberWave is informed and believes, and thereon alleges, that Intel maintains a website accessible to the residents of this District.  AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to submit information to Intel, and to download information from the website.  AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to locate companies who will sell Intel products to users in this District, including dual-core devices.

7.      AmberWave is informed and believes, and thereon alleges, that Intel has voluntarily availed itself of the courts in this District.  AmberWave is informed and believes, and

- 2 -

thereon alleges, that Intel has filed complaints in this District as both a plaintiff and as an intervenor. AmberWave is informed and believes, and thereon alleges, that Intel has appeared as a defendant and a counterclaim plaintiff in this District, without contesting that venue is proper in the District.

8. AmberWave is informed and believes, and thereon alleges, that Intel has sought and received authorization to do business in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has a registered agent in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel maintains multiple business offices in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has at least approximately 600 employees in the State of Texas.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## RELATED ACTIONS

10. On May 17, 2005, Intel filed a declaratory judgment for non-infringement of AmberWave's U.S. Patent No. 6,831,292 in the District of Delaware (the "Delaware I Action").[1] On July 15, 2005, AmberWave filed an action against Intel in the Eastern District of Texas alleging infringement of AmberWave's U.S. Patent No. 6,881,632 (the "'632 Action").[2] On September 20, 2005, AmberWave filed a separate action in the Eastern District of Texas alleging that Intel infringed AmberWave's U.S. Patent No. 6,946,371 (the "'371 Action").[3] On November 1, 2005, Judge Davis transferred the '632 Action to Delaware because, among other reasons, the issues in the '632 Action were "closely related" to the issues in the Delaware I Action. At Intel's insistence, the parties stipulated to the consolidation of AmberWave's infringement claims on the three patents (including the '371 Action) in the Delaware I Action.

---

[1] *Intel Corp. v. AmberWave Systems Corp.*, 05-301-KAJ

[2] *AmberWave Systems Corp. v. Intel Corp.*, 2-05cv-321-LED

[3] *AmberWave Systems Corp. v. Intel Corp.*, 2-05cv-449-TJW

11.     Upon obtaining the right to assert the '907 patent against Intel, AmberWave sought leave to amend its complaint in the consolidated Delaware I Action to add the '907 patent.  Intel informed AmberWave that it opposed adding the '907 patent to the Delaware I Action, among other reasons, because AmberWave allegedly unduly delayed in seeking to add the '907 patent, because adding the '907 patent to the Delaware I Action prejudiced Intel, and because the '907 patent, according to Intel, "is almost completely unrelated to the patents in suit" in the consolidated Delaware I Action.

12.     On July 8, AmberWave asked Intel whether it would assent to a motion to amend in the consolidated Delaware I Action to add an additional patent when it issued—U.S. Patent No. 7,074,655 (the "'655 patent").  While purporting to meet and confer with AmberWave on the subject, Intel filed a separate declaratory judgment (the "Delaware II Action") on the '655 patent on the day that it issued—July 11.[4]  This confirmed that Intel no longer believes that all patent litigation between the parties should occur in the consolidated Delaware I Action.

## CLAIM FOR RELIEF

### COUNT I

### (Patent Infringement by Intel)

13.     AmberWave incorporates by reference paragraphs 1 through 12 as if set forth here in full.

14.     AmberWave is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271, Intel has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of, the '907 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license, certain semiconductor devices, including at least dual-core devices.

15.     AmberWave is informed and believes, and thereon alleges, that Intel's infringement of the '907 patent has been and continues to be willful.

---

[4] *Intel Corp. v. AmberWave Systems Corp.*, 06-429.

16.     Unless enjoined, Intel will continue to infringe the '907 patent, and AmberWave will suffer irreparable injury as a direct and proximate result of Intel's conduct.

17.     AmberWave has been damaged by Intel's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## COUNT II

### (Declaratory Judgment That Intel Does Not Have a License to the '907 Patent)

18.     AmberWave incorporates by reference paragraphs 1 through 17 as if set forth herein full.

19.     Based on Intel's allegation of a license to the '907 patent arising from an agreement with Lucent Technologies GRL Corporation, an actual, present and justiciable controversy has arisen between Intel and AmberWave concerning whether Intel has or does not have a license to the '907 patent covering the accused products.

20.     A judicial declaration that Intel does not have a license to the '907 patent is necessary and appropriate at this time so that AmberWave can ascertain its rights with respect to Intel's practice of the '907 patent.

### PRAYER FOR RELIEF

WHEREFORE, AmberWave prays for relief as follows:

A.     For a determination that the '907 patent is valid and enforceable;

B.     For a determination that Intel does not have a license to the '907 patent;

C.     For a determination that Intel has infringed and is infringing the '907 patent, and that Intel's infringement is willful;

D.     For an order preliminarily and permanently enjoining Intel, and its directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of the foregoing from acts of infringement of the '907 patent;

E.     For damages resulting from infringement of the '907 patent in an amount to be determined at trial, and the trebling of such damages due to the willful nature of their infringement;

- 5 -

F.      For an award of interest on damages;

G.      For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

H.      For an award of such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

AmberWave hereby demands a trial by jury on any issue triable of right by a jury.

Dated:  September 1, 2006

Respectfully submitted,

   /s/ Alexander C.D. Giza
Alexander C.D. Giza

Morgan Chu (*Pro Hac Vice*)
David I. Gindler (*Pro Hac Vice*)
Samuel K. Lu (*Pro Hac Vice*)
Alexander C.D. Giza (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Facsimile: (310) 203-7199
E-mail: dgindler@irell.com

Clayton Edward Dark, Jr., Esq.  (TX #05384500)
*Attorney-in-Charge*
P.O. Box 2207
207 East Frank
Suite 100
Lufkin, TX 75902-2207
Phone: (936) 637-1733
Facsimile: (936) 637-2897
E-mail: clay.dark@yahoo.com

J. Thad Heartfield, Esq. (TX #09347000)
The Law Offices J. Thad Heartfield
2195 Dowlen Rd
Beaumont, TX 77706-2534
Phone: (409) 866-3318 ext. 1
Email: thad@jth-law.com

ATTORNEYS FOR PLAINTIFF
AmberWave Systems Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

AMBERWAVE SYSTEMS CORPORATION, )
            )
    Plaintiff,     )
            )  Civil Action No. 9:06-cv-157 (RHC)
  vs.        )
            )  **[PROPOSED] ORDER GRANTING**
INTEL CORPORATION,   )  **LEAVE TO FILE FIRST AMENDED**
            )  **COMPLAINT**
    Defendant.   )
            )
_____)

    Pursuant to the Federal Rules of Civil Procedure, Rule 15(a), the Court grants Plaintiff

AmberWave Systems Corporation leave to file its First Amended Complaint.

    IT IS SO ORDERED.